**Franklin ANDRUS, Plaintiff-Appellant,**

v.

**TRAILERS UNLIMITED (ROADMASTER CUSTOM DIVISION), Atwood Vacuum Machine Company and Southwest Wheel & Manufacturing Co., Inc., Defendants-Appellees.**

No. 80–3333.

United States Court of Appeals, Fifth Circuit. Unit A

June 10, 1981.

Richard C. Broussard, Lafayette, La., for plaintiff-appellant.

David A. Hurlburt, Lafayette, La., for Trailers Unlimited.

Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Edward C. Abell, Jr., Lafayette, La., for Atwood Vacuum Machine.

Lewis & Lolley, E. Randall Lolley, Lafayette, La., for Southwest Wheel.

Before CHARLES CLARK and GEE, Circuit Judges, and SPEARS *, District Judge.

CHARLES CLARK, Circuit Judge:

This is an appeal from a Louisiana diversity action in which the plaintiff, Franklin Andrus, sought to recover for injuries he received when the coupling device on his boat trailer spontaneously disengaged while he was driving with the boat in tow. Andrus sued Atwood Vacuum Machine Company, manufacturer of the coupler, and Trailers Unlimited, Inc., manufacturer of the trailer. The case was tried before a jury, but after Andrus had put on his case in chief, the district court granted the defendants' motion for directed verdict. Andrus complains that the district court erroneously determined that the risk of his injury was not within the scope of the duty owed to him by the defendants. We agree and reverse.

## I.

There are but a few simple facts pertinent to the disposition of this appeal. Andrus had purchased a new boat trailer manufactured by Trailers Unlimited. That trailer used an Atwood Vacuum automatic locking coupler to connect it with the vehicle trailer hitch.

At the time of the accident, Andrus was returning from a boating trip, towing the boat and trailer behind his pickup truck. While driving down a two-lane residential street which was part of a detour route for highway traffic, the trailer suddenly disconnected from the hitch and rolled freely on the road. Andrus's wife spotted the unattached trailer and excitedly told him of the situation. He observed the trailer in his rearview mirror and pulled his truck to the right side of the road. Although there was no traffic on the street and the trailer had rolled safely to a stop, Andrus quickly rushed back to the trailer to clear it from the road. However, when he lifted the trailer and attempted to push it to the side of the road out of the path of any oncoming traffic, Andrus aggravated a previous back injury.

On these facts, the district court granted the defendants' motion for directed verdict. It held that the risk that Andrus might reinjure his back while attempting to remove the disengaged trailer from the road was not within the scope of the duty owed to him by the defendants. It also held that the allegedly negligently manufacturing of the coupler was not the proximate cause of the harm suffered by Andrus.

## II.

Louisiana has adopted a duty-risk approach to negligence cases, for which Professor Leon Green has provided the most thorough scholarly exposition. *See Hill v. Lundin & Associates, Inc.*, 260 La. 542, 256 So.2d 620 (1972), *citing* Green, *The Causal Relation Issue in Negligence Law*, 60 Mich. L.Rev. 543 (1962) [*Causal Relation*] and Green, *Duties Risks, Causation Doctrines*, 41 Tex.L.Rev. 42 (1962) [*Duties, Risks, Causation*].

According to this theory, a plaintiff must show four elements to make out a successful negligence cause of action. First, there must be a causal relation between the defendant's conduct and the victim's injury. The causal relation inquiry does not require a search for all causes that contribute to the injury or for the single cause or for the "proximate" cause. Causal relation is essentially a factual concept that requires a determination of whether the defendant's conduct was a substantial factor contributing to the plaintiff's harm. *See, e. g., Vonner v. State Dept. of Public Welfare*, 273 So.2d 252, 255 (La.1973); *Hill v. Lundin & Associates*, 260 La. at 547, 256 So.2d at 622; *Ruthardt v. Tennant*, 252 La. 1041, 1050–55, 215 So.2d 805, 809–10 (1968); *Dixie Drive It Yourself System v. American Beverage Co.*, 242 La. 471, 481–482, 137 So.2d 298, 302 (1962).

Second, the plaintiff must establish a duty owed by the defendant with respect to the victim's injury. Although the de-

---

* District Judge of the Western District of Texas, sitting by designation.

fendant's conduct may have created many risks of injury to the plaintiff or to other persons, the liability of the defendant must depend upon some principle of law which encompasses both the defendant's conduct and protection of the victim against the risk of injury created by that conduct. The fundamental question, therefore, is whether the defendant's duty, whatever it may be, extends to the specific injury which the plaintiff has received. *See Hill v. Lundin & Associates*, 260 La. at 547, 256 So.2d at 622; *Pierre v. Allstate Insurance Co.*, 257 La. 471, 487–499, 242 So.2d 821, 828–31 (1971); *Dixie Drive It Yourself System v. American Beverage Co.*, 242 La. 471, 486–494, 137 So.2d 298, 304–06 (1962); *Gore v. Miller*, 311 So.2d 894, 896–97 (La.App.1975).

Third, the plaintiff must show that the defendant was negligent, *i. e.*, that the defendant has breached his duty with respect to the plaintiff. This component entails two inquires: (1) Should the defendant, as an ordinarily prudent person under all the circumstances of his conduct, have reasonably foreseen some injury to the plaintiff of the same general character as that he incurred? (2) Did the defendant fail to exercise reasonable care to avoid the injury? *Causal Relation*, at 570–71; *Duties, Risks, Causation*, at 64. *See Pierre v. Allstate Insurance Co.*, 257 La. at 482 n.2, 242 So.2d at 825 n.2.

Finally, the plaintiff must prove his damages, *i. e.*, the loss he has suffered. *Duties, Risks, Causation*, at 59.

The determination of whether the defendant owes a duty to the plaintiff and of whether the risk of injury sustained by the plaintiff falls within the ambit of that duty is the crucial portion of this analysis, for it supplants the traditional proximate cause inquiry. *See* Crawford, *The Work of the Louisiana Appellate Courts for the 1971–1972 Term—Torts*, 33 La.L.Rev. 206, 211 (1973). The scope of a defendant's duty depends upon how far the law's protection will be extended. It is, therefore, an inherently judicial function to say whether there is any legal principle to cover the risk of injury sustained by the plaintiff. *See Cha-*

*vez v. Nobel Drilling Corp.*, 567 F.2d 287, 289 (5th Cir. 1978); *Hill v. Lundin & Associates*, 260 La. at 547–551, 256 So.2d at 622–23; *Rawls v. Demare*, 377 So.2d 1376, 1379 (La.App.1979); *Duties, Risks, Causation*, at 59.

Furthermore, foreseeability is not the focal point for the duty-risk determination. As Professor Green explains,

In this theory, it is not the consequences that defendant should have foreseen as "within the risk" of his conduct that controls the limitation of his liability but the risks that the *court*, after the conduct has taken place and the injury has been suffered, considers *should fall within* the "scope," "ambit," "zone," "radius," or "orbit" of the defendant's *duty under law*, leaving foreseeability as a jury formula for the determination of the violation of duty, the negligence issue.

*Causal Relation* at 567 (emphasis in original; footnote omitted). *See Duties, Risks, Causation*, at 44, 58. Under Louisiana's duty-risk theory, many risks may actually be known to the defendant, yet the court may still not impose liability after taking into account all of the relevant considerations. Conversely, liability may be imposed for risks that are altogether unforeseeable. *Hill v. Lundin & Associates*, 260 La. at 547, 256 So.2d at 622.

### III.

Applying these broad general principles to the facts of this case, we hold that the duty owed by the defendants includes the risk of harm which befell Andrus. There is, of course, no fixed formula that enables a court to determine whether any particular injury falls within the ambit of the law's protection. The determination of the issue of duty and whether it includes the particular risk encountered by the tort victim ultimately rests upon the broad policies which underlie the law and the purposes for which those legal obligations exist. *See Hill v. Lundin & Associates*, 260 La. at 547–551, 256 So.2d at 622–23; *Allen v. Humble Oil & Refining Co.*, 359 So.2d 218, 221 (La.App.1978).

The defendants rely primarily upon *Hill v. Lundin & Associates, supra.* There, Delouise hired Lundin to repair damage to her house. After Lundin had completed the repair work, one of its employees left a metal ladder standing upright against the Delouise house. Subsequently, someone who was not employed by Lundin moved the ladder and laid it in the yard and the plaintiff, Hill, was hurt when she tripped over it. While caring for the three-year-old Delouise son, Hill rushed to prevent the child from falling over the ladder, stumbled over it herself, fell, and was injured. The Louisiana Supreme Court framed the issue in the following terms:

> The basic question, then, is whether the risk of injury from a ladder lying on the ground, produced by a combination of defendant's act and that of a third party, is within the scope of protection of a rule of law which would prohibit leaving a ladder lying against the house.

260 La. at 547, 256 So.2d at 622. Noting that "[f]oreseeability is not always a reliable guide," the court added that "[t]he ease of association of the injury with the rule relied upon, however, is always a proper inquiry." *Id.* (citations omitted). It then concluded that the principle imposing a duty on one not to leave a ladder standing against the house does not encompass the risk of tripping over the ladder which had been placed on the ground by another. *Id.* at 551, 256 So.2d at 623.

In this case, the defendants concede that the law imposes upon them the duty to manufacture and provide a boat trailer and a coupling mechanism which will not come unattached while the trailer is in tow. They insist, however, that this legal obligation only extends to protecting against harms arising from collision with persons or other vehicles on the highway. They say that there is no "ease of association" between the legal duty to produce a coupler that does not become unattached and the injury Andrus sustained, because the action Andrus took was substantially the same as that necessary to hitch the trailer to his pickup in the first place.

We reject this narrow conception of legal duty. It is as easy to associate the duty to manufacture a safe coupler with injury to a motorist who collides with the errant boat trailer as it is to associate that duty with injuries to the driver of the towing vehicle who is hurt while attempting to clear the road of such an obstruction and thereby avert such a calamity. The defendants cannot consistently admit liability to the hypothetical oncoming motorist and deny liability to Andrus who injures himself acting to avoid the collision. The legal duty and the risk of injury here are very closely aligned, for the risk of harm to the driver removing the trailer from the middle of the highway necessarily inheres in the defendants' risk-producing conduct. As one Louisiana court has put it,

> In other words, a risk is within the duty owed to plaintiff if the event that causes the harm in hindsight appears to have been normal, not unusual, and closely related to the danger created by the defendant's original conduct, even though, strictly speaking, it would not have been expected by a reasonable man in defendant's shoes.

*Steward v. Gibson Products Company,* 300 So.2d 870, 878 (La.App.1974).

Once the boat trailer came unhitched and stopped in the roadway, Andrus surely had to take responsive action. His reaction to remove the trailer was altogether natural, normal, and predictable. Moreover, the possibility that Andrus or some other person similarly situated would harm himself when attempting to push the trailer from the road is one that would arise whenever a defective boat trailer disengages while being towed. Therefore, we hold that the risk of his injury was within the scope of the defendant's duty. *See Pierre v. Allstate Insurance Co.,* 257 La. 471, 242 So.2d 821 (1971); *Dixie Drive It Yourself System v. American Beverage Co.,* 242 La. 471, 137 So.2d 298 (1962).

Andrus testified that he believed it necessary to act as expeditiously as possible to remove the hazard from the road. The defendants suggest that since the event oc-

curred on a residential street and no oncoming traffic was in sight, the situation was akin to attaching the trailer in ordinary operation. Whether Andrus reasonably believed it was necessary for him to act in haste to remove the trailer from the road in order to prevent a possible accident presented a question of fact committed to the jury's determination under the facts as developed.

Accordingly, the judgment of the district court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.