407 So.2d 1346 (1981)
Rodney LACOMBE, Individually and on Behalf of His Minor Son, Chad Lacombe, Plaintiffs & Appellants,
v.
Carroll GREATHOUSE, et al., Defendants & Appellees.
No. 8486.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
*1347 Cox & Cox by William N. Cox and Rex D. Townsley, Lake Charles, for plaintiffs & appellants.
Plauche, Smith, Hebert & Nieset, James R. Nieset, Raggio, Cappel, Chozen & Berniard, Christopher M. Trahan, Lake Charles, for defendants & appellees.
Before CULPEPPER, CUTRER and STOKER, JJ.
CULPEPPER, Judge.
Plaintiff, individually and on behalf of his minor son, Chad Lacombe, seeks damages resulting from injuries sustained by the minor when he fell into a bed of hot coals under a burned out brush pile during land clearing operations. Defendants are Carroll Greathouse, the clearing contractor, his liability insurer, St. Paul Fire & Marine Insurance Company, and Southern Farm Bureau Casualty Insurance Company, liability insurer of the landowner.
After presentation of plaintiff's case, Southern Farm Bureau moved for a directed verdict, which was granted by the trial judge. After further evidence was adduced on the issue of liability of the contractor, the case was submitted to the jury, which found that Greathouse was not negligent. From a judgment dismissing his suit, plaintiff appeals. We affirm.
Plaintiff presents two issues on appeal: (1) Does the directed verdict granted by the trial judge in favor of Southern Farm Bureau, liability insurer of the property owner, constitute reversible error? (2) Was the jury clearly wrong in finding the clearing contractor not negligent?
FACTS
Defendant, Carroll Greathouse, was retained by a representative of the R. W. Peyton Estate to clear a 20-acre tract near a residential area in Lake Charles, preparatory to subdividing it. The contractor and the estate representative who hired him mutually agreed that the debris would be disposed of by burning it on the premises, as this was customary and was cheaper than hauling it away.
Other than this contact with the representative, Greathouse had complete control over the clearing operations. The procedure involved first using bulldozers to push the trees and other debris on the property into piles, approximately 30 feet in diameter at the base. Mr. Greathouse or his employee later set fire to the piles. After each fire burned down, usually a day or two *1348 after it was first lit, they would dig a hole and push the remaining ashes into it.
Before the clearing operation began, children of the neighborhood often played on the partly wooded 20-acre tract. They rode their bicycles on trails, had built a tree-house and a tree-swing, and, generally, played in the area.
On the day in question, seven-year-old Chad was playing with a young friend after school. He was wearing tennis shoes without socks. In the course of play, the two boys went to the 20-acre tract where they had played many times before. They were aware that bulldozers had recently been working on the property and that brushfires had been burned. Chad climbed on the branch of a fallen tree and began to walk away from the trunk toward the end of the branch. When he reached a point at which the branch was approximately two feet off the ground, it broke and Chad fell into hot ashes underneath it, sustaining first, second and third degree burns of his right foot, and first and second degree burns of his left. He has scars on his right foot, but no residual disability.
DIRECTED VERDICT
The standard for determining the propriety of granting a directed verdict was definitively stated by this Court in Campbell v. Mouton, 373 So.2d 237 (La.App. 3rd Cir. 1979):
"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence not just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury."
The trial judge directed a verdict in favor of the landowner's insurer based on the defendant's contention that the plaintiff failed to show a legal duty owed by the landowner, the breach of which was a proximate cause of Chad's injuries. Plaintiff argues that the holding of the trial court was in error, since reasonable and fairminded men would have found that Southern Farm's insured had a landowner's duty to take preventive or precautionary measures, that it breached this duty, and that absent such breach, Chad would not have been injured.
The landowner's insurer urged two grounds to support its motion for directed verdict at the trial. It contends that either of these grounds justifies the directed verdict. The second ground stated in the motion is that the landowner had permitted recreational use of the property, thus relieving it from liability except for the willful or malicious failure to warn against a dangerous condition, under La.R.S. 9:2795(B). The trial court rejected this argument, holding the statute inapplicable. We find this conclusion to be correct.
The statute in question reads as follows:
"B. Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(1) Extend any assurance that the premises are safe for any purposes.
(2) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(3) Incur liability for any injury to person or property incurred by such person." *1349 Southern Farm Bureau argues that allowing neighborhood children to play at random on the property brings its insured within the scope of the statute limiting liability. "Recreational purposes" is defined in R.S. 9:2795(A), Subsection 3 as follows:
"(3) `Recreational purposes' includes, but is not limited to, any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, sledding, snow mobiling, snow skiing, summer and winter sports, and viewing or enjoying historical, archaeological, scenic, or scientific sites."
Southern Farm argues the statute contemplates the instant situation, where the landowner allowed use of his property as an area of impromptu play activity. We pretermit this issue. Even if such use was within the meaning of the statute, we are in agreement with the trial judge's finding that after the clearing operations began any previous permission to use the property for recreational purposes was withdrawn. The result is that the landowner does not enjoy the benefit of the statute.
The first grounds stated by Southern Farm in support of its motion for a directed verdict is that there was no breach of a duty owed to Chad Lacombe by its insured. This was the ground upon which the trial court granted a directed verdict. The apparent rationale was that the danger was open and obvious, the landowner had no duty to warn against it, and even if it was hidden the landowner could not be held liable as it was created by the negligence of an independent contractor.
We conclude that under the above quoted standards it was error to grant the motion on this grounds. A landowner has a duty to those on his property, expressed by the Louisiana Supreme Court in Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976). Where a plaintiff has implied permission to use the property in question and frequently does so, the landowner owes him a duty to discover any unreasonably dangerous condition on the premises, and either to correct it or warn of its existence. The duty of a landowner is to act reasonably in view of the probability of injury to others. Shelton, supra; Walker v. Union Oil Mill, Inc., 369 So.2d 1043 (La. 1979).
Whether or not the conduct of the defendant's insured conformed to the standard of care that would be exercised by a reasonable landowner, or whether the insured's conduct breached the landowner's duty to protect those likely to be on his property against injury, are factual questions to be answered in accordance with the facts and circumstances peculiar to each case. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Steele v. St. Paul Fire & Marine Insurance Company, 371 So.2d 843 (La.App. 3rd Cir. 1979), writ denied 374 So.2d 658.
The person charged with administration of this property was aware of the manner in which the clearing activities were being carried out. Indeed, it had been discussed and agreed between him and the contractor that the fallen trees would be piled and burned on the property. Both parties have stressed that certain parts of this tract had been used for some time as a playground by the neighborhood children. In light of the circumstances of this particular case, we feel that reasonable minds could have differed on the question of whether or not the landowner's conduct or omissions constituted a breach of the duty to discover and correct or warn of unreasonable conditions, as expressed in Shelton and Walker, supra. Furthermore, if there was a breach, we feel that reasonable minds could have differed on the question of whether or not such breach was a cause-in-fact of Chad's injuries. Therefore, these *1350 questions should have been submitted to the jury.
JURY VERDICT
The jury exonerated the defendant-contractor by holding that he was not negligent. The determinative issue on the question of the contractor's negligence is one of reasonableness, i.e., conformity of his conduct to the standard of care that would be exercised by a reasonable man in the same or similar circumstances. Dyson v. Gulf Modular Corporation, 338 So.2d 1385 (La. 1976); Hunt v. City Stores, 387 So.2d 585 (La.1980), rehearing denied September 12, 1980. The issue of the breach of this duty of reasonableness involves a factual determination. An appellate court is not free to substitute its own version of the facts for that found by the trial court absent manifest error. We cannot disturb this jury verdict unless it is clearly wrong. Dyson v. Gulf Modular Corporation, supra; Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Steele v. St. Paul Fire & Marine Insurance Company, supra.
Mr. Greathouse testified that he had been performing such jobs for ten years. The procedure used in clearing this tract was customary, as well as being less expensive than other methods. The only difference between this and other jobs, he stated, was that he took more care to keep the piles farther from the homes and the road. The fire in which young Chad was burned was at least 200 feet from the property line.
In both negligence and strict liability cases, the probability and magnitude of the risk are to be balanced against the utility of the thing or activity causing the harm. Hunt v. City Stores, supra. We here note that the activities of these defendants in preparing this tract of land for subdivision development is a useful undertaking. Moreover, the expense involved in carrying out the job in an alternative manner would be prohibitive to such endeavors. The clearing operations and fires in connection therewith were obvious to the entire neighborhood, so that, in the normal course of such circumstances, children would be admonished by their parents and others to stay away from the area, thus reducing the probability of such injuries as this to a minimum. Actually, plaintiff had told his wife to tell Chad to stay away from the fires.
Furthermore, the evidence obviously did not satisfy the jury that Chad would have heeded or understood warnings by this contractor, or indeed by this landowner, had they been given, or that some sort of individual barriers around the fires would have been successful in preventing Chad's injuries. In the light of all of these surrounding circumstances, we cannot hold that the jury's finding of no negligence was clearly wrong.
CONCLUSION
The final issue to be dealt with is whether our holding that the trial judge's granting of a directed verdict was in error mandates a remand to the trial court, as requested by the plaintiff. We find to the contrary.
In Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), our Supreme Court stated:
"[3, 4] While the trial court remains the original forum for resolving factual and legal issues, the Louisiana Constitution expressly extends the jurisdiction of appellate courts in civil cases to the review of facts as well as law.
* * * * * *
"In addition to the constitutional authority, and consistent with it, there is a very practical consideration which encourages our appellate courts to exercise their jurisdiction to review factual findings: judicial economy. When the entire record is before the appellate court, remand for a new trial produces delay of the final outcome and congestion of crowded dockets *1351 while adding little to the judicial determination process. Although the appellate court does not gain the benefit of personally viewing the witnesses, it does have a complete record and the constitutional authority to decide."
Although we find that reasonable minds could differ as to whether or not the landowner failed to use reasonable care with regard to persons on his property, no remand is necessary in the instant case. The jury held, and we affirm, that the contractor was not negligent. Thus, there was no negligence by Greathouse which could be imputed to the landowner, regardless of whether he was an employee or an independent contractor. Furthermore, for the reasons stated above that there was no negligence by Greathouse, there was also no independent negligence by the landowner. Thus, the landowner was not negligent either vicariously or independently.
For the reasons assigned, the judgment appealed is affirmed at plaintiff's cost.
AFFIRMED.