Henry MATTHEWS, Plaintiff-Appellant,

v.

ASHLAND CHEMICAL, INC.,
Defendant-Appellee.

Henry MATTHEWS, Plaintiff-Appellant,

v.

ASHLAND CHEMICAL, INC., et
al., Defendants,

and

Ozone Waters, Inc. and Ebco Manufac-
turing Co., Defendants-Appellee.

Nos. 82–3303, 82–3521, 82–3531
and 82–3598
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

April 25, 1983.

Russ Herman, New Orleans, La., Philip A. Gattuso, Gretna, La., for plaintiff-appellant.

Jones, Walker, Waechter, Poitevent, Carrere & Dengre, John J. Weigel, New Orleans, La., for defendants-appellees.

John H. Musser, IV, New Orleans, La., for Ozone Waters.

Camp, Carmouche, Palmer, Barsh & Hunter, Donald A. Hoffman, New Orleans, La., for Ebco Mfg. Co.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

In this Louisiana diversity action, the plaintiff Matthews seeks damages from several defendants for personal injuries he sustained in a propane gas explosion on the premises of Ashland Chemical, one of the defendants. These four consolidated appeals are brought by Matthews from the dismissal of his claims against some of the defendants. His claims against other defendants are still pending below.

Matthews, a propane gas deliveryman, was filling a gas cylinder left out for him on the loading dock of the defendant Ashland, a customer. For purposes of summary judgment, the explosion occurred because of an electrical spark emitted from the motor of a water cooler near the cylinder. Ashland was the custodian or owner of the premises and of both water cooler and cylinder and had placed the latter in proximity to one another. The water cooler had been manufactured by the defendant-appellee Ebco and had been leased to Ashland by the defendant-appellee Ozone.

■ Initially, we note that, although claims are still pending below, the judgment dismissing the plaintiff Matthews' claim against Ozone (Supp.Rec., document 132) was not entered with the certification required by Fed.R.Civ.P. 54(b) when fewer than all claims are decided, so this appeal (our appeal No. 82–3521) must be dismissed without prejudice as premature. The appeals as to the dismissals against Ashland and Ebco are, however, properly before us, since so certified and directed for entry.

For reasons more fully set forth below, we find that a disputed factual issue is presented as to whether Ashland had created an unreasonable risk of harm to others, so as to be liable under Louisiana negligence or strict liability theories, and that therefore summary judgment was improvidently granted in favor of this defendant (our appeals No. 82–3303 and No. 82–3598). However, we also find that the district court did not err as a matter of law in holding that, under the facts presented, there was no defect in the spark-causing water cooler that would subject its manufacturer Ebco (our appeal No. 82–3521) to Louisiana negligence or products liability

recovery, and we therefore affirm the summary judgments dismissing Matthews' claim as against this defendant.

### I.

Resolving all factual inferences in favor of Matthews, and construing the facts shown most favorably to him as the non-moving party in a summary judgment determination, *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982), the accident occurred when Matthews, a propane gas route delivery salesman for Amoco Oil Company, was filling a propane gas cylinder (used to power forklifts) in a warehouse leased and operated by Ashland. The empty cylinder (one of three) had been left by Ashland for filling at a place within the warehouse immediately adjacent to a water cooler (manufactured by Ebco and leased to Ashland by Ozone, a supplier of spring water). After properly connecting the hose to the first cylinder, Matthews got a drink of water from the water cooler. A moment later, the water cooler made a clicking sound which was immediately followed by the explosion which caused the plaintiff's injuries.[1]

At least for summary judgment purposes, it must be accepted that the probable cause of the explosion was a spark generated by the electrical motor of the water cooler when it kicked on. Although the district court made no express finding to this effect or against it, deposition testimony in the record supports this causation. In dismissing Matthews' claims against the water cooler defendants (Ebco and Ozone), the district court itself noted that "all motors throw sparks" but that nevertheless the

water cooler motor was not defective "by virtue of [its] emitting sparks."

In granting summary judgment to Ashland, the district court found that the above undisputed facts presented no factual issue and indisputably showed that Ashland had not failed to use reasonable care in placing the empty gas cylinder next to the water cooler; and it further found no basis for Louisiana strict liability as custodian or premise-owner in Ashland's placing non-defective empty propane cylinders near a non-defective electric water cooler with the expectation that Matthews would fill them with explosive propane gas. In granting summary judgment to the water cooler defendants (Ebco and Ozone), the district court found that the water cooler "was not defective by virtue of emitting sparks or an arc" and that these defendants "had no duty to warn Matthews that the compressor may emit sparks and should not be used around flammable gases."

It should be noted that the narrow issue presented by these appeals concerns only whether the district court erred in holding that the *defendants'* conduct or equipment did not subject them to liability under Louisiana negligence or strict liability theories. The district court did not reach the issue of whether the plaintiff Matthews himself might be barred from recovery by his contributory negligence or assumption of the risk, and we do not reach that issue for that reason. (Further conflicting factual showings in the record before us make summary judgment inappropriate for resolution of that issue by us on appeal.) Thus, in a sense, the issue before us on appeal for summary judgment purposes concerns the defendants' liability independent of Mat-

---

1. We note that certain facts, potentially material in a trial on the merits, are in controversy; for example, the defendant contends (1) that the cylinders weighed, at most, seventy pounds when filled, and could have been easily moved to be safely filled outside the warehouse (this is denied by the plaintiff), (2) that the gas escaped because of a faulty nozzle connection or the carelessness of the plaintiff (denied by the plaintiff), (3) that the water cooler functioned normally before and after the accident and was free of all defects (denied by the plaintiff who now argues that the accident occurred when an unsealed thermostatic switch within the water cooler generated a spark, in turning its compressor off or on, which ignited the propane gas), and (4) that filling the cylinder within an enclosed space or near a motor was contrary to safety practices of the plaintiff's employer, Amoco Oil Company (denied by the plaintiff); and, finally, (5) the parties also differ in their estimates of the distances separating the water cooler from the propane cylinder.

thews' individual conduct or expertise, somewhat as if an innocent bystander instead of the experienced Matthews had been injured by the explosion. *Cf., Brownlee v. Louisville Varnish Company,* 641 F.2d 397, 401 (5th Cir.1981).

## II.

The issues thus posed by these appeals may be stated as follows: *As to Ashland:* Is this defendant at actionable fault, either because negligent, La.Civ.C. art. 2316, or by virtue of its strict liability as the custodian of things, La.Civ.C. art. 2317, or owner of premises, La.Civ.C. art. 2322, because it placed gas cylinders for filling next to a water cooler that emitted sparks when the motor clicked on, because of actual or presumed knowledge of that latter fact and of the further circumstance that Matthews would fill those cylinders as placed by Ashland[2] with flammable propane gas that would explode if a spark emitted during the filling? *As to Ebco:* Did the characteristics of the water cooler of emitting electrical sparks when its motor kicked on constitute a defect so as to implicate liability under Louisiana negligence or products strict liability theories?

■ Central in law and fact to the decision of these issues is whether, as to each defendant, its conduct or equipment created an unreasonable risk of harm to others. In its recent decision in *Entrevia v. Hood,* 427 So.2d 1146 (La.1983), the Supreme Court of Louisiana made plain that, whether liability

is sought to be imposed on a defendant by reason *either* of negligence *or* of its strict liability under La.Civ.C. arts. 2317, 2322,[3] an injured plaintiff is required to prove that "the risk from which his damage resulted posed an unreasonable risk of harm." 427 So.2d at 1149.

■ *Entrevia* notes that the determination of whether the defendant has created or maintained an unreasonable risk of harm is determined on the basis of "a balancing of claims and interests, a weighing of the risk and the gravity of harm, and a consideration of individual and societal rights and obligations," 427 So.2d at 1149, weighing the "magnitude of the risk and the gravity of the harm threatened", 427 So.2d at 1149, a weighing that calls upon the judge "to decide questions of social utility that require him to consider the particular case in terms of moral, social and economic considerations", 427 So.2d at 1149. As *Entrevia* indicates, the judge's duty in determining whether the defendant has created an unreasonable risk of harm in part partakes of a determination of law ("it is necessary for the judge, in shaping his decision about how the law applies to the facts, to consider the particular situation from the same standpoint as would a legislator regulating the matter", 427 So.2d at 1149,[4] as well as a determination of fact as to whether the defendant's conduct or thing created an unreasonable risk of harm in the particularized situation presented for decision. *See Andrus v. Trailers Unlimited,* 647 F.2d 556

---

**2.** The plaintiff Matthews' discovery deposition indicates that an Ashland employee would place the cylinders on Ashland's loading platform and await Matthews' arrival and that he always filled them as placed. Dep., pp. 50–53, 56–57. This is a controverted issue, however.

**3.** The court noted that a chief difference is that in strict liability, unlike in negligence, the defendant may be liable whether or not he knew of the unreasonable risk of harm (his "inability to know or prevent the risk is not a defense"), but that the considerations in determining whether the risk of harm was undue should not differ for negligence or strict liability. 427 So.2d at 1150. To same effect, *see Hunt v. City Stores, Inc.,* 387 So.2d 585 (La.1980).

**4.** In *Andrus v. Trailers Unlimited,* 647 F.2d 556, 559 (5th Cir.1981), in analyzing the Louisiana jurisprudence with regard to the determination of whether a risk of injury falls within the ambit of the duty owned by the defendant, we noted that "[i]t is, therefore, an inherently judicial function to say whether there is any legal principle to cover the risk of injury sustained by the plaintiff." The *Andrus* court ultimately held that an issue of fact precluding a directed verdict was presented as to whether the defendant breached its duty under the particularized facts presented, having noted that the court determines whether the risks should fall within the scope of the defendant's duty, but that the trier of fact (the jury, there) determines whether the defendant's conduct foreseeably had violated such duty. 647 F.2d at 559.

(5th Cir.1981), for analysis of prior Louisiana jurisprudence to the same effect.

■ In accord with prior Louisiana jurisprudence, *Entrevia* thus illustrates that the determination of whether the defendant has created or maintained an unreasonable risk of harm to another involves a balancing of whether the risk is of such magnitude[5] as to outweigh what the law regards as the social utility[6] of the defendant's conduct, premises, or thing or the manner in which the defendant's conduct is done or his premises maintained or his thing manufactured, whether the defendant is sought to be held liable for his negligence, *Hebert v. Gulf States Utilities Company,* 426 So.2d 111 (La. 1983); *Hill v. Lundin & Associates, Inc.,* 260 La. 542, 256 So.2d 620 (1972), or under Louisiana strict liability theories, *Olsen v. Shell Oil Co.,* 365 So.2d 1285 (La.1978); *Loescher v. Parr,* 324 So.2d 441 (La.1975); *Weber v. Fidelity & Casualty Ins. Co.,* 259 La. 599, 250 So.2d 754 (1971). Further, "the ease of association of the [plaintiff's] injury with the rule relied upon [upon which the defendant's liability is sought to be based] . . . is always a proper consideration." *Hill v. Lundin & Associates, supra,* 260 La. at 549, 256 So.2d at 622; *Andrus v. Trailers Unlimited, supra,* 647 F.2d at 560.

### III.

Tested in the light of these principles, we find for reasons to be stated that the district court's grant of summary judgment dismissing the plaintiff Matthews' claim

against Ebco, the manufacturer of the water cooler, should be affirmed, but that disputed issues or inferences of fact precluded the entry of summary judgment dismissing Matthews' claim against Ashland.

■ Summary judgment may be granted only where—after considering all factual showings and inferences in the light most favorable to the opposing party—there is "no genuine issue as to any material fact and the opposing party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(3); *Williams v. Shell Oil Company,* 677 F.2d 506, 509 (5th Cir.1982). "A court must not decide any factual issues it finds in the record, but if such are present, the courts must deny the motion and proceed to trial. . . . [Even] [i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, supra,* 669 F.2d at 1031. Summary judgment is ordinarily (but not always) inappropriate when the issue involves negligence or contributory negligence, 10 Wright, Miller, and Kane, Federal Practice and Procedure, § 2729 (2d ed. 1983), since "even where there is no dispute as to the facts, it is usually for the jury to decide whether the conduct in question meets the reasonable man standard." *Id.,* at p. 217. Issues that require "the determination of the reasonableness of the acts and conduct of the parties under all the facts and circumstances of the case, cannot ordi-

---

**5.** *Cf.* Restatement 2d of Torts § 293 (1965):

*Factors Considered in Determining Magnitude of Risk*

In determining the magnitude of the risk for the purpose of determining whether the actor is negligent, the following factors are important:

(a) the social value which the law attaches to the interests which are imperiled;

(b) the extent of the chance that the actor's conduct will cause an invasion of any interest of the other or of one of a class of which the other is a member;

(c) the extent of the harm likely to be caused to the interests imperiled;

(d) the number of persons whose interests are likely to be invaded if the risk takes effect in harm.

**6.** *Cf.* Restatement 2d of Torts § 292 (1965):

*Factors Considered in Determining Utility of Actor's Conduct*

In determining what the law regards as the utility of the actor's conduct for the purpose of determining whether the actor is negligent, the following factors are important:

(a) the social value which the law attaches to the interest which is to be advanced or protected by the conduct;

(b) the extent of the chance that this interest will be advanced or protected by the particular course of conduct;

(c) the extent of the chance that such interest can be adequately advanced or protected by another and less dangerous course of conduct.

narily be disposed of by summary judgment." *Gross v. Southern Railway Company,* 414 F.2d 292, 296 (5th Cir.1969).

### A. *Matthews' Claim Against Ashland*

█ Construing the disputed facts most favorably to Matthews for purposes of summary judgment, we cannot say that Ashland did not as a matter of law create an unreasonable risk of injury to him by placing its containers to be filled by him adjacent to its water cooler that would emit sparks when the motor clicked on and thus creating a foreseeable hazard of gas explosion injuring Matthews while, as expected, he filled the container with flammable gas.

The magnitude of the risk thus created is not clearly outweighed by utility factors, and the injury received is closely associated with the risk thus created. Whether the defendant Ashland knew or should have known that its conduct created such risk, and whether the risk so created was unreasonable under the particularized facts before us, are issues that cannot, in our opinion, be decided as a matter of law but must be relegated to the trier of fact. As we recently stated in *Owen v. Kerr-McGee Corporation,* 698 F.2d 236, 239 (5th Cir.1983), in affirming the defendant's denial of a motion for judgment notwithstanding the verdict in favor of a plaintiff injured by the defendant's buried gas pipeline:

> Under Louisiana law, the owner and operator of a facility must exercise reasonable care for the safety of persons on or around his property. *Walker v. Union Oil Mill, Inc.,* 369 So.2d 1043, 1047 (La. 1979); *Dyson v. Gulf Modular Corp.,* 338 So.2d 1385, 1390–91 (La.1976); *Williams v. City of Alexandria,* 376 So.2d 367, 370 (La.App.1979). In determining a particular defendants' duty, consideration should be given to the nature of the facility and the dangers presented by it. *Walker, supra* [369 So.2d] at 1047; *Shelton v. Aetna Casualty & Surety Co.,* 334 So.2d 406, 410 (La.1976). *Whether or not the defendant conformed to the standard of care that would be exercised by a reasonable person in his position is a factual question.*

> *Lacombe v. Greathouse,* 407 So.2d 1346, 1349 (La.App.1981).

(Emphasis added.)

### B. *Matthews' Claim Against Ebco*

█ Matthews' claim against Ebco, the manufacturer of the water cooler, is based on the machine's alleged defect in that it emitted electrical sparks when the motor clicked on. We find no error in the district court's concluding as a matter of law that this characteristic of the machine did not constitute a defect or create an unreasonable risk of injury to others.

In dismissing the claim, the district court noted, a permissible inference from the factual showings, that "all motors throw sparks", and found that Ebco's motor in the water cooler previously sold by it to Ozone and installed by Ozone on Ashland's premises was not defective simply because it emitted electrical sparks. Implicit in the district court's finding was its conclusion that the social utility of producing water coolers for use in the offices and plants throughout the United States—which could not feasibly be produced without motors emitting sparks—far outweighed any slight risk that might result from the not closely associated risk and not readily foreseeable use of the water cooler in the immediate vicinity of flammable gas.

The factual showing negatives and does not permit an inference that Ebco, distinguishably from Ashland's actual or presumed knowledge, should reasonably have anticipated a foreseeable use, *Branch v. Chevron International Oil Company,* 681 F.2d 426, 428 (5th Cir.1982) (Louisiana products liability law), of its water cooler in dangerous proximity to flammable gas, so as to constitute either a defect in the machine (as unreasonably dangerous to normal use), *Id.,* or to require Ebco to place a warning on its machines cautioning against such use. As stated by the Supreme Court of Louisiana in holding that under the circumstances shown a premise defect was not actionable, "the magnitude of the risk posed and the gravity of the harm threatened were small in comparison with that of other

risks presented by things in our society."
*Entrevia, supra,* 427 So.2d at 1150.

*Conclusion*

Accordingly, for the reasons stated:

(1) The appeal of the plaintiff Matthews from the dismissal of his claim against Ozone, our appeal No. 82–3521, is DISMISSED without prejudice as premature;

(2) In appeal Nos. 82–3303 and 82–3598, the district court's grant of summary judgment dismissing Matthews' claims against Ashland is REVERSED, and these claims are remanded for further proceedings consistent with our opinion; and

(3) We AFFIRM the grant of summary judgment in favor of Ebco in appeal No. 82–3531, dismissing Matthews' claim as against that defendant.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART, AND DISMISSED IN PART.