762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PHILLIP E. JACOY, PLAINTIFF-APPELLANT,
v.
ELTON SCOTT AND JACK E. MARTIN, DEFENDANTS-APPELLEES.
 NO. 83-1616
 United States Court of Appeals, Sixth Circuit.
 3/25/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: CONTIE and MILBURN, Circuit Judge; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Phillip Jacoy, a state prisoner, appeals the district court's grant of summary judgment in favor of defendants in this action pursuant to 42 U.S.C. Sec. 1983. Jacoy argues that the district court erred in ruling that he had no liberty interest in a hearing pursuant to M.C.L.A. 791.251(2). Since we conclude that the district court order granting summary judgment was not a final order, the appeal is dismissed.
 
 
 2
 On August 2, 1982, Phillip E. Jacoy filed a complaint pursuant to 42 U.S.C. Sec. 1983 alleging deprivation of liberty without due process against Elton Scott, deputy warden of the State Prison at Jackson, and Jack E. Martin, a prison guard. Jacoy alleged that on April 28, 1981, a major misconduct report alleging that Jacoy had possessed dangerous contraband, a knife, had been issued. A hearing was held on May 1, 1981 in which Jacoy was judged guilty of the misconduct and sentenced to six days detention ending May 7. Jacoy alleged that he had been placed in punitive segregation on April 28, the date of the alleged incident and remained there until December 18, 1981. Further, Jacoy alleged:
 
 
 3
 Defendant Scott had, on April 28, 1981 . . . upon recommendation of Z. Painter, #323-C, the reporting staff member (RSM), secretly and clandestinely, and arbitrarily conducted an administrative hearing and classified your Plaintiff to indefinite segregation.
 
 
 4
 Jacoy alleged that no notice or due process was provided in this secret hearing. Jacoy alleged that Michigan law provided him a right to a hearing with certain procedural safeguards before he could be placed in a different security classification and that the entitlement to such hearing was a constitutionally protected liberty interest. Further, Jacoy alleged that '[t]hat hearing was allegedly conducted even before it had been determined 'officially' that your plaintiff was guilty of having a knife.'
 
 
 5
 Jacoy also alleged that Martin intentionally hid Jacoy's legal papers so he could not seek further relief. Jacoy alleged that this denied him due process and was cruel and unusual punishment.[1]
 
 
 6
 On September 24, 1982, defendants sought summary judgment, contending that the segregation was imposed as a result of the major misconduct of which Jacoy was found guilty. This segregation was imposed pursuant to Policy Directive PD-DAW-60.01 which provides:
 
 
 7
 All prisoners who are found guilty of a nonbondable major misconduct shall be reviewed by the Security Classification Committee to determine if a higher level of security is required, and shall be rescreened for appropriate risk classification pursuant to policy.
 
 
 8
 On March 15, 1983, the magistrate concluded that the motion for summary judgment should be granted and on July 28, 1983, the district court adopted the magistrate's report and recommendation. The basis of the district court's order was that (1) Michigan law did not entitle Jacoy to a hearing on whether he could be segregated and, therefore, created no liberty interest, and that (2) Jacoy had no liberty interest in having the question of segregation determined by any particular individual.
 
 
 9
 Jacoy, in one complaint, made two separate claims against two individuals. Only Scott was implicated in the failure to provide a hearing prior to segregation and only Martin was implicated in the hiding of Jacoy's legal materials. Although the motions to dismiss included Martin's name, none of the allegations regarding Martin were discussed, and the district court did not rule on Jacoy's claims with respect to the loss of his legal materials.
 
 Fed. R. Civ. P. 54(b) provides:
 
 10
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 
 11
 In this case it is clear that more than one claim for relief was presented, that the court's judgment resolved fewer than all of the claims, and that there was no express determination that there was no just reason for delay nor was there an express direction for entry of judgment.
 
 
 12
 Pursuant to 28 U.S.C. Sec. 1291, this court has jurisdiction only of appeals from final decisions of the district court. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981). It is clear that failure by the district court to expressly determine that there is no just reason for delay and to expressly direct entry of judgment deprives this court of jurisdiction pursuant to 28 U.S.C. Sec. 1291 and requires dismissal of the appeal. Matthews v. Ashland Chemical, Inc., 703 F.2d 921, 922 (5th Cir. 1983); Aleut Tribe v. United States, 702 F.2d 1015, 1020-21 (Fed. Cir. 1983); Wheeler Machinery Company v. Mountain States Mineral Enterprises, Inc., 696 F.2d 787, 789 (10th Cir. 1983); Baker v. Limber, 647 F.2d 912, 916 (9th Cir. 1981); William B. Tanner Company v. United States, 575 F.2d 101, 102 (6th Cir. 1978); Moody v. Kapica, 548 F.2d 133 (6th Cir. 1976); Balsbaugh v. City of Westland, 458 F.2d 1358 (6th Cir. 1972).
 
 
 13
 Accordingly, the appeal is DISMISSED.
 
 
 
 [1]
 In a letter to L. C. Utess, Director of Resident Services, Jacoy alleged:
 Also missing are all of my transcripts and appeal papers, which are almost impossible for me to replace as I am indigent. These papers include all briefs filed by attorneys in my behalf and the rebuttal's against them, I would find replacing them a very long task.