Michael **WINTERS**

v.

**PROTECTIVE CASUALTY INS. CO., et al.**

**Civ. A. No. 86–540–A.**

United States District Court, M.D. Louisiana.

Feb. 3, 1988.

Irving J. Warshauer, New Orleans, La., for plaintiff.

Stanley R. Aaron, Baton Rouge, La., for defendants Protective Cas. Ins. Co. and Lawson Wilder.

Frank A. Fertitta, Lane, Fertitta, Lane & Tullos, Baton Rouge, La., for defendant State Farm Mut. Auto. Ins. Co.

Richard B. Nevils, Baton Rouge, La., for defendant Employers Mut. Cas. Co.

Edwin G. Pries, Jr., Lafayette, La., for defendants Tulane University Chapter of Sigma Nu Fraternity, Nat. Sigma Nu Fraternity, Beta Phi House Corp. and U.S. Fire Ins. Co.

John M. Sartin, Jr., Cornelius, Sartin & Murphy, New Orleans, La., for defendants H.B.M., Inc. d/b/a Murphy's Bar and Constitution State Ins. Co.

John Dale Powers, Baton Rouge, La., for defendant Mount Vernon Fire Ins. Co.

John W. Perry, Jr., Baton Rouge, La., for defendant Theodore Cangelosi d/b/a University Shopping Center.

Steve C. Thompson, Jr., Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., for intervenor Blue Cross & Blue Shield United of Wisconsin.

JOHN V. PARKER, Chief Judge.

This matter is before the court on motions for summary judgment on behalf of defendants, H.B.M., Inc. d/b/a Murphy's Bar and its insurers, Constitution State Insurance Company and Mount Vernon Fire Insurance Company ("Murphy's"). Theodore Cangelosi d/b/a The University Shopping Center also moves for summary judgment. The motion for summary judgment by Murphy's Group is opposed by plaintiff, intervenor, Blue Cross and Blue Shield United of Wisconsin ("Intervenor"), and by the Tulane University Chapter of Sigma Nu Fraternity and its insurer, United States Fire Insurance Company ("Sigma Nu"). The motion for summary judgment on behalf of University Shopping Center is opposed by plaintiff and intervenor. The court finds that there is no need for oral argument. Subject matter jurisdiction is allegedly based upon diversity of citizenship.

Plaintiff, Michael Winters, allegedly suffered serious injuries when he was dragged beneath a car driven by defendant, Lawson Wilder. Plaintiff alleges that Wilder was intoxicated from alcoholic beverages which had been served to him by employees of Murphy's and that as result of his intoxication, he did not observe plaintiff lying on the ground in front of his automobile. Plaintiff further alleges that his injuries were proximately caused by the negligence of Murphy's in selling alcoholic beverages to defendant Wilder to the point of intoxication and in failing to supply proper and adequate security in the parking lot outside Murphy's. Plaintiff also asserts that his injuries were proximately caused by the negligence of the University Shopping Center in failing to supply proper and adequate security personnel in the University Shopping Center parking lot.

Under Fed.R.Civ.P. 56, a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment always bears the initial responsibility for demonstrating the absence of a genuine issue of material fact. When a party makes such a properly supported motion for summary judgment, the adverse party must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex v. Catrett*, 477 U.S. 242, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must look to the substantive law's identification of which facts are material, and in this diversity case, the substantive law which must be considered is Louisiana tort law.

## MURPHY'S MOTION FOR SUMMARY JUDGMENT

As to plaintiff's claims against defendant, Murphy's, for alleged negligence in

selling alcohol to Wilder, defendant contends that at the time of this incident, Louisiana cases held that there was no "dram shop" liability for retailers of alcohol, except where a retailer committed an affirmative act which increased the danger posed by the condition of intoxication. See *Thrasher v. Leggett,* 373 So.2d 494, 497 (La.1979); *LeBlanc v. Adams,* 510 So.2d 678 (La.App. 4 Cir.1987). Defendants assert that plaintiff has not alleged or pointed to evidence of any affirmative acts. In brief, plaintiff concedes that he has no information to refute defendant's arguments of fact and law on the "dram shop" issue. Intervenor and defendant, Sigma Nu, also state in brief, that under Louisiana law, there can be no basis for finding Murphy's liable for negligence in the sale of alcohol to an individual who caused injury to someone else.

Plaintiff, however, also bases his claim against Murphy's upon a second theory of liability—failing to supply proper and adequate security personnel in the parking lot outside Murphy's Bar. Plaintiff, intervenor and Sigma Nu contend that there are genuine issues of material fact in dispute as to this allegation. These parties assert that there are genuine issues of material fact as to precisely where defendant Wilder's vehicle was parked; where off-duty sheriff's deputies hired by Murphy's were stationed; whether plaintiff was lying in front of or underneath the vehicle, and whether Murphy's failed to provide adequate security outside its bar. Defendants argue that under Louisiana law, the bar has no duty to provide security in its area of the parking lot to protect patrons from unforeseeable and isolated incidents caused by third persons. Furthermore, defendant argues that even if it owed such a duty, it would not extend to parking areas of other stores.

In *Harris v. Pizza Hut,* 455 So.2d 1364 (La.1984), the Louisiana Supreme Court held that a business which undertakes to hire a security guard to protect itself and its patrons is liable for physical harm which occurs because of negligence on the part of that guard. Where a duty has been assumed to provide a security guard, it is

necessary to decide whether that guard was acting with reasonable care in preventing the harm incurred. *Harris,* at p. 1372.

In determining negligence liability, the courts of Louisiana have adopted a duty-risk analysis approach. See *Dixie Drive It Yourself Sys. v. American Beverage Co.,* 137 So.2d 298 (1962). Before liability can be imposed, it must be determined under a duty-risk analysis that the risk of injury that occurred to this plaintiff falls within the scope of the duty owed by the defendant. Did the defendant have a duty to protect the plaintiff from accidents of the type which occurred in this case. See *Cheramie v. Brunet,* 510 So.2d 700 (La. App. 1 Cir.1987); *Crochet v. Hospital Service Dist. No. 1 of Terrebone Parish,* 476 So.2d 516 (La.App. 1 Cir.1985) (trial court granted summary judgment in negligence case and Court of Appeal affirmed). Whether or not the risk of harm that occurred to this plaintiff falls within the scope of the duty owed must be determined on a case by case basis with each court weighing the important policy factors. *Ronstadt v. Begnaud Motors, Inc.,* 427 So.2d 911 (La.App. 3d Cir.1983).

It is undisputed that the accident occurred in the parking lot of University Shopping Center, located near the campus of Louisiana State University in Baton Rouge. The shopping center contains a number of business establishments, including Murphy's. There is one parking lot common to all businesses with no specific identification of parking for any particular establishment. It is also undisputed that when plaintiff left the bar it was completely dark, probably after midnight.

■ In the present case, plaintiff makes no claim, nor does he present any evidence that he was so visibly intoxicated and obviously unable to care for himself when he left the bar, that the security guards should have noticed his condition and taken measures to see that he got safely to his car. Plaintiff merely claims that Murphy's was negligent in failing to supply proper and adequate security in the parking lot outside the bar. Assuming as true all

facts most favorable to the plaintiff—that Wilder's car was parked near Murphy's, not in front of another establishment in the shopping center, that plaintiff was lying in front of the car; that security guards were stationed at the door; that police reports show a high number of alcohol-related incidents in the parking lot—the court finds that the risk of harm that occurred to plaintiff is outside the scope of the duty owed by the defendant. Neither the owner nor the security guard hired by him, has a duty to take precautions against such unforseeable circumstances. The duty imposed on the business which hires security guards is to take reasonable care to protect the premises and patrons; it does not encompass the risk that a patron will walk out of the bar, lie down near or under a parked vehicle, go unnoticed by the driver of the vehicle and his passengers, and be dragged beneath the car because they did not notice him.

Plaintiff insists that the security for the parking lot was "inadequate" but has filed no affidavits pointing out any specific deficiency which contributed to his injury, such as inadequate lighting or insufficient patrols. Indeed, unless a security guard was stationed at every parking place in the lot, it is improbable that continuous patrols would have led to discovery of plaintiff's location, under or in front of the vehicle. The police reports upon which plaintiff relies are to the effect that fights broke out from time to time among college students while or after visiting Murphy's Bar. There is no indication that the security provided by Murphy's, together with the Baton Rouge Police Department was inadequate to cope with these scuffles or that such reports (assuming Murphy's awareness of them) are sufficient to place anyone on notice that the bizarre circumstances surrounding plaintiff's accident were likely to occur.

Plaintiff correctly argues that the *Harris*, supra, line of cases teaches that once a proprietor assumes the task of protecting customers from harm inflicted by others, it must exercise due care in providing such protection and that the proprietor is liable for the negligence of hired security personnel. Plaintiff then declares that, "[T]he negligence of the off-duty sheriff's deputies working at Murphy's as extra security personnel on the night plaintiff was severely injured is a genuine issue of material fact to be determined by the trier of facts." Correctly stating the rule however, is not sufficient. Plaintiff suggests no specific act of negligence on the part of the security guards. Neither does plaintiff suggest any fact, disputed or undisputed, which tends to show that the security guards or any other representative of Murphy's, should have reasonably anticipated that plaintiff was likely to get injured in the manner in which he did. Surely plaintiff ought to be able to set forth some specific fact which, if proved, could constitute negligence of the defendant. He has not done so.

Assuming that plaintiff has established that Murphy's, by employing security guards, undertook to protect its patrons from the risk of harm by third persons in the vicinity of the business, Louisiana law is clearly to the effect that the duty, once undertaken, must be performed with due care, but the proprietor does not thereby become the insurer, obliged to protect against all risks. Again, we emphasize that plaintiff makes no claim that his condition was such that the security guards should have noticed that he was unable to care for himself. Such a claim, or any other claim of a fact which ought to have alerted the proprietor of possible difficulty, would present a different case. Here, plaintiff can point to no fact which ought to have alerted the defendant to anticipate an accident such as this.

To hold the proprietor liable under these undisputed facts would indeed establish him as the insurer of all who enter his door. To require the defendant to proceed with trial when plaintiff cannot even suggest a fact which if proved might trigger liability would unjust. In other words, to defeat summary judgment, plaintiff must establish that there is a need for a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The scope of a defendant's duty depends on how far the law's protection will be extended and it is an inherently judicial function to say whether there is any legal principal to cover the risk of injury sustained by the plaintiff. *Andrus v. Trailers Unlimited,* 647 F.2d 556 (5th Cir.1981). As a matter of law, the risk of harm to this plaintiff, was not within the scope of the duty owed by the defendant. The court finds that summary judgment as to Murphy's is appropriate in this case.

## UNIVERSITY SHOPPING CENTER'S MOTION FOR SUMMARY JUDGMENT

■ Defendant, University Shopping Center, the owner, contends in its motion for summary judgment that it owed no duty to take reasonable care for the safety of bar patrons in its parking lot. Plaintiff, however, contends that under the facts and circumstances of this case, defendant owed to plaintiff a duty to protect him not only from the negligence of defendant Wilder, but also from his own negligence; that the shopping center was negligent in not employing security personnel, when it was forseeable that an intoxicated person would get into a car and cause injury to others in the parking lot. We will assume that plaintiff has established that this defendant employed no security personnel.

Under Louisiana law, a store owner is under a duty to take reasonable care for the safety of patrons, but the owner is not the insurer of their safety. *Rodriguez v. New Orleans Public Serv., Inc.,* 400 So.2d 884 (La.1981); *Crochet v. Hospital Service Dist. No. 1,* 476 So.2d 516 (La.App. 1 Cir. 1985). A proprietor of a public place has a duty to protect his patrons from injuries at the hands of third parties when it is within his power to do so. *Miles v. Flor–Line Associates,* 442 So.2d 584 (La.App. 1 Cir. 1983).

Defendant offers the deposition testimony of shopping center owner, Theodore Cangelosi, in which he states that he had no knowledge of any accident in the parking lot where a person was injured. Plaintiff submits the deposition testimony of three former and present Baton Rouge city police officers who state that they regularly patrolled the shopping center parking lot because of fighting and drinking in the lot.

The evidence offered by the plaintiff is insufficient to establish that there is a genuine issue for trial as to the liability of University Shopping Center. The police officers testify to incidents of fighting and drinking, but report no incidents even remotely similar to the one that occurred in this case. Under these circumstances and the evidence presented, plaintiff offers no fact which would place the owner of the shopping center on notice that an accident such as happened to plaintiff was foreseeable in the parking lot of the shopping center. The owner's duty to take reasonable care for the safety of patrons does not extend to the unanticipated and unforseeable acts which led to this plaintiff's injury. In view of the evidence offered on this motion for summary judgment, defendant could incur no liability to this plaintiff under Louisiana law and again plaintiff has failed to show a need for a trial.

Accordingly, the motions for summary judgment on behalf of these defendants are hereby GRANTED.