ARMSTRONG, Judge.
Zephirin Hymel, plaintiff, sued various defendants including Halmar, Inc., Guillot-Vogt, and the City of New Orleans (City) for damages. Plaintiff alleged that he fell *852 into a hole in the street on November 4, 1983.
At the time of the alleged accident, the City was having repair work done in the French Quarter. The City had contracted with Halmar, Inc. to do the repair work. A hold harmless and indemnity agreement was in effect between the City and Halmar, Inc. Halmar, Inc. subcontracted with an engineering firm, Guillot-Vogt.
The trial court dismissed the case against Guillot-Vogt. No appeal was lodged concerning this dismissal.
In addition, the trial court granted the City’s motion for a directed verdict.
The jury returned a verdict in favor of defendants Halmar, Inc. and its insurer, Reliance Insurance Company of Illinois. The jury found that the plaintiff had sustained no accident.
The plaintiff’s motion for a new trial was denied, and the plaintiff appealed.
The plaintiff only briefed one issue, specifically whether the trial court was manifestly erroneous in dismissing the City from the suit by rendering a directed verdict.[1] Other issues not briefed by appellant, but raised prior to submission of his appellate brief, are deemed abandoned. Uniform Rules-Courts of Appeal 2-12.4.
Further, we are not convinced by plaintiff’s argument that the dismissal of the City violated the law and denied the plaintiff an opportunity for a fair trial. The trial court determined after hearing the plaintiff’s case that the City was not liable either under a theory of negligence or strict liability. The trial court made this determination after hearing the plaintiff's case and reviewing evidence presented by the plaintiff. This Court does not find that the trial court was manifestly erroneous. See generally, Lacombe v. Greathouse, 407 So.2d 1346 (La.App. 3rd Cir.1981).
In Lacombe, the Third Circuit held that reversible error was not present even though a trial judge improperly granted a directed verdict to a landowner. The jury subsequently determined that the contractor who actually did the work which allegedly caused plaintiff’s injuries was free of any negligence. Since no liability could be imputed to the landowner, no reversible error was present.
The plaintiff presented his case to the jury against Halmar, Inc. In holding against the plaintiff, the jury found that plaintiff had sustained no accident. We do not accept plaintiff’s theory that the jury was prejudiced by dismissal of the City. Because the jury found no accident was sustained, no negligence and/or strict liability can be imputed to the City. An appellate court is not completely free to substitute its own version of the facts for those found by the trial court absent manifest error. Arceneaux v. Dominique, 365 So.2d 1330 (La.1978).
We find no manifest error in the trial court’s granting a directed verdict or the jury’s finding that no accident was sustained. Further, there is no basis for a new trial.
Affirmed.

. The entire transcript of the trial was not provided to this court. Only the trial judge’s reasons for judgment dismissing the City were transcribed.