In the Matter of WOOD AND LOCKER, INC., Debtor.

The SECTION 1120(A)(1) COMMITTEE OF UNSECURED CREDITORS, Appellants,

v.

INTERFIRST BANK DALLAS, N.A., Appellee.

No. 88–1532.

United States Court of Appeals, Fifth Circuit.

March 9, 1989.

John W. Harris, Claiborne B. Gregory, Jr., San Antonio, Tex., for appellants.

Barbara K. Hoffman–Hill, Dallas, Tex., for appellee.

Before RUBIN, KING and GARWOOD, Circuit Judges.

KING, Circuit Judge:

The Section 1102(a)(1) Committee of Unsecured Creditors of Wood & Locker, Inc. appeals the district court's decision to affirm the bankruptcy court's grant of summary judgment to intervenor, Interfirst Bank–Dallas, N.A. Finding that we lack jurisdiction under 28 U.S.C. § 158(d) to consider this appeal, we dismiss the appeal.

## I. BACKGROUND

On January 7, 1987, Wood & Locker, Inc. (the "Debtor")[1] and the Section 1102(a)(1) Committee of Unsecured Creditors (the "Committee") of the Debtor filed a Complaint to Avoid Preference (the "Complaint") against Williams–Patterson, Inc. ("W–P"). The Complaint is an adversary proceeding, filed under Bankruptcy Rule 7001. Citing sections 547,[2] 550[3] and 1107[4] of the Bankruptcy Code of 1978 (the "Code"), the Complaint sought to recover from W–P preferences in the aggregate amount of approximately $129,000, allegedly received from the Debtor in April and May of 1983—within 90 days prior to the date on which the Debtor had filed for relief under Chapter 11 of the Code.

Citing section 502(d)[5] of the Code, the Complaint also sought to disallow a prepetition claim (the "Claim") filed by W–P against the Debtor in October of 1983 in the amount of approximately $1,090,000. Some two years before the Complaint was

---

1. The Complaint reflects that the Debtor is operating its business pursuant to a Third Amended Plan of Reorganization, as modified, which was confirmed by the bankruptcy court on November 12, 1985.

2. Section 547 provides in relevant part:
   (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
   (5) that enables such creditor to receive more than such creditor would receive if—
   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

3. Section 550 provides in relevant part:
   (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

   (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
   (2) any immediate or mediate transferee of such initial transferee.
   (b) The trustee may not recover under section (a)(2) of this section from—
   (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or
   (2) any immediate or mediate good faith transferee of such transferee.

4. Section 1107 provides in relevant part:
   (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

5. Section 502(d) provides:
   (d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

filed, Interfirst Bank–Dallas, N.A. ("Interfirst") had acquired substantially all of W–P's assets, including the Claim against the Debtor. In October of 1984, the bankruptcy court had approved the transfer of the Claim and, pursuant to Bankruptcy Rule 3001(e)(2), had ordered that Interfirst be substituted for W–P as the claimant in the bankruptcy action. Although the Complaint sought to disallow the Claim, Interfirst had not been joined as a party in the adversary proceeding. In order to protect its claim, Interfirst sought permission to intervene in the adversary proceeding. On April 24, 1987, the bankruptcy court granted Interfirst permission to intervene.

Interfirst then sought a declaratory judgment by the bankruptcy court that Interfirst was not liable to the Debtor or the Committee under sections 547 and 550 of the Code for the alleged preferential transfers. Interfirst argued first that the transfers were not avoidable under section 547 because they were not made to or for the benefit of Interfirst and were not for or on account of an antecedent debt owed by the Debtor to Interfirst before the transfers were made and second, that property could not be recovered from Interfirst under section 550. Finally, and building on its first two arguments, Interfirst argued that section 502(d) of the Code did not preclude Interfirst from receiving distributions on the Claim as provided in the confirmed plan.

On October 29, 1987, Interfirst filed a Motion for Summary Judgment, asserting that it was entitled as a matter of law to the declaratory relief outlined above. On December 1, 1987, the bankruptcy court granted Interfirst's motion, holding that: (1) Interfirst is not liable to the Debtor under section 547(b); (2) Interfirst is not liable to the Debtor under section 550 because no transfers could be recovered from Interfirst; (3) section 502(d) does not apply to the Claim; and (4) Interfirst is entitled to distribution on the Claim under the plan of reorganization in effect for the Debtor.

Only the Committee appealed the decision of the bankruptcy court. The notice of appeal filed by the Committee states that it is an appeal "from the final order[ ], or in the alternative, the interlocutory order[ ], of the bankruptcy court entered in this adversary proceeding on the 1st day of December, 1987, granting Intervenor's Motion for Summary Judgment." In addition to the notice of appeal, the Committee filed in the bankruptcy court, under Bankruptcy Rule 8003, a Motion For Leave To Appeal to the district court.[6] In that motion, the Committee asserts that the order of the bankruptcy court is final, rather than interlocutory, but also seeks leave to appeal in the event that the order is subsequently held to be interlocutory. The Committee notes that the Complaint against W–P for recovery of a voidable preference under section 547 of the Code is still pending final resolution. Although the Motion For Leave To Appeal is included in the record on appeal to this court, there is no indication that the district court ever entered a formal order ruling on the Motion for Leave to Appeal. The Memorandum Opinion and Order entered by the district court states, however, that the appeal of the Committee is "before this court," and that the district court has jurisdiction of the appeal under 28 U.S.C. § 158(a)[7] and (c).[8]

---

6. Although the Committee's Motion for Leave to Appeal was filed after August 1, 1987, the effective date of the amendments to the Bankruptcy Rules occasioned by the 1984 amendments to the Code, it does not cite 28 U.S.C. § 158(a), as does the amended Rule 8003. It cites instead 28 U.S.C. §§ 1334(b) and/or 1482(b), the provisions on which the former Rule 8003 was based.

Rule 8003(b) provides that the Motion for Leave to Appeal be filed with the bankruptcy court. The clerk of the bankruptcy court then transmits the motion, and any answer thereto, to the clerk of the district court.

7. 28 U.S.C. § 158(a) provides:

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

8. 28 U.S.C. § 158(c) provides:

(c) An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are

The opinion indicates that the district court was aware that the preference action was still pending before the bankruptcy court. We therefore construe the district court's Memorandum Opinion and Order as having granted the Committee's Motion for Leave to Appeal. As to the merits, the district court affirmed the bankruptcy court's grant of summary judgment, holding that Interfirst is not "the kind of creditor" from whom the Debtor can recover property under section 550 of the Code, or the kind of creditor who may be held liable under section 547 of the Code. For those reasons, the district court agreed with the bankruptcy court that the section 502(d) disallowance provision is not triggered.

The Committee then appealed to this court from the district court's judgment affirming the bankruptcy court's grant of summary judgment.

## II. DISCUSSION

We have an independent obligation to examine the basis of our own jurisdiction. *In re Lift & Equip. Service, Inc.*, 816 F.2d 1013, 1015 (5th Cir.), *revised on other grounds*, 819 F.2d 546 (5th Cir.1987). We were advised at oral argument that the suit to recover the preference from W–P is still pending in the bankruptcy court. In view of that fact, we asked for further briefing on the question whether the bankruptcy court's order granting summary judgment to Interfirst on its Complaint for Declaratory Judgment was, within the meaning of 28 U.S.C. § 158(a), a final judgment, order or decree or an interlocutory order or decree. Our inquiry stems from the fact that under 28 U.S.C. § 158(d),[9] we have jurisdiction only over "final decisions, judgments, orders, and decrees entered under subsection[ ] (a)" of section 158.

While the district court may, under 28 U.S.C. § 158(a), review interlocutory orders of the bankruptcy court, our recent decision in *In re Phillips*, 844 F.2d 230, 234 (5th Cir.1988), has made clear that a district court's decision on appeal from a bankruptcy court's interlocutory order is not a final order for purposes of further appellate review unless the district court order in some sense "cures" the nonfinality of the bankruptcy court order.[10] In order to determine whether we have jurisdiction under section 158(d) we must therefore determine first whether the bankruptcy court's grant of summary judgment to Interfirst was an interlocutory or final order.

We begin our analysis by noting that because the Debtor and the Committee sought to recover a preference from W–P, they were compelled by Bankruptcy Rule 7001 to file an adversary proceeding to which Part VII of the Bankruptcy Rules applies. Adversary proceedings have been correctly described as "full blown federal lawsuits within the larger bankruptcy case," and are thereby distinguishable from other disputes in bankruptcy cases which are denominated "contested matters" and are generally subject to the less elaborate procedures specified in Bankruptcy Rule 9014. E. Warren & J.L. Westbrook, *The Law of Debtors and Creditors* 175 (1986). Part VII of the Bankruptcy Rules virtually incorporates the Federal Rules of Civil Procedure. *Id.; see also D–1 Enterprises v. Commercial State Bank*, 864 F.2d 36, 39 (5th Cir.1989) (rules regarding compulsory counterclaims apply only in adversary proceedings). Most important for the case before us, Bankruptcy Rule 7054 specifically incorporates Federal Rule 54(b), which provides as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third

taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

**9.** 28 U.S.C. § 158(d) provides:

(d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.

**10.** The nonfinality of the bankruptcy court's order may be cured, for example, when the district court reverses a bankruptcy court order that denies a motion to dismiss for lack of subject matter jurisdiction. *See In re Phillips*, 844 F.2d at 234–35.

party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the² action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The applicability of Rule 54(b) to adversary proceedings necessarily affects our determination of the finality of the bankruptcy court's order. If the bankruptcy court has not certified as final an order that is a partial judgment within the meaning of Rule 54(b), the order will, by operation of the rule, remain interlocutory. *In re King City Transit Mix, Inc.,* 738 F.2d 1065, 1066 (9th Cir.1984) (appellate jurisdiction lacking because bankruptcy court order dismissed only one count of a four-count counterclaim and court did not direct entry of final judgment under Rule 54(b), applicable to adversary proceedings in bankruptcy by virtue of Bankruptcy Rule 7054).

In the adversary proceeding at hand, the bankruptcy court's order granting summary judgment to Interfirst clearly adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, since the Debtor's and Committee's claim against W–P remains pending. Further, the bankruptcy court did not, as required by Rule 54(b), make an express determination that there is no just reason for delay and direct the entry of a final judgment as to Interfirst, possibly because none of the parties asked it to. Therefore, the order of the bankruptcy court, in the language of Rule 54(b), "does not terminate the action" between Interfirst, the Debtor and the Committee with respect to the Claim and is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." By operation of Rule 54(b) then, the bankruptcy court's order granting summary judgment is not final, but remains interlocutory. *Thompson v. Betts,* 754 F.2d 1243, 1245 (5th Cir. 1985); *Hobbs v. Teledyne,* 632 F.2d 1238, 1240 (5th Cir.1980). Consequently, under our decision in *Phillips,* we have no jurisdiction under 28 U.S.C. § 158(d) to entertain this appeal.

The parties, united on this point, argue that the order of the bankruptcy court granting summary judgment is a "final judgment" within the meaning of § 158(d) because it conclusively disposes of the claim and leaves nothing for Interfirst to do but to await distribution under the plan of reorganization in effect for the Debtor. This argument, of course, ignores the effect of Rule 54(b) on the adversary proceeding initiated by the Debtor and the Committee in the bankruptcy court.[11] It may well be that if the bankruptcy court's order granting summary judgment to Interfirst had been entered in the context of a contested matter, not subject to Rule 54(b), it would indeed be a final judgment,

**11.** None of the cases cited by the parties—with the exception of the Seventh Circuit cases discussed below—squarely addresses the application of Rule 54(b) to adversary proceedings. They address instead the issue of finality in the appealability of rulings on motions or contested matters filed in the main bankruptcy case, which are not governed by Rule 7054. *See In re Phillips,* 844 F.2d 230 (5th Cir.1988); *In re Greene County Hospital,* 835 F.2d 589 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988); *In re Delta Services,* 782 F.2d 1267 (5th Cir.1986); *Bowers v. Connecticut Na-*

*tional Bank,* 847 F.2d 1019 (2d Cir.1988); *In re Jones,* 768 F.2d 923 (7th Cir.1985); *see also In re Lift & Equip. Service, Inc.,* 816 F.2d 1013, 1015 (5th Cir.1987) (discussing finality of *district court* order remanding case to bankruptcy court); *In re Covington Grain Co., Inc.,* 638 F.2d 1357 (5th Cir.1981) (discussing applicability of collateral order doctrine to *district court* order).

While all of these cases are good law with respect to the propositions for which they stand, none of them obviates the need for adherence to Rule 7054 in the instant case.

appealable as a matter of right to the district court. But Rule 54(b) recognizes that what might be a final judgment if entered in a different context—e.g., one in which there were no other claims remaining to be adjudicated—remains interlocutory where there *are* other claims or the rights or liabilities of other parties remaining to be adjudicated. The preservation in Rule 54(b) of a right in the trial court to direct the entry of a final judgment where there is no reason for delay was specifically designed to alleviate the possible injustice of a delay in judgment of a distinctly separate claim. Neither the bankruptcy court nor the parties have availed themselves of this method of establishing finality, and we are not empowered to do it for them.

We therefore hold that given the clear mandate of Bankruptcy Rule 7054, no appeal may be taken from a bankruptcy court order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties in an adversary proceeding absent Rule 54(b) certification—even if the order would be considered final if it arose in another context. In so holding, we respectfully decline the Committee's invitation to follow our colleagues on the Seventh Circuit who have elected to disregard the bright-line rule set down by Rule 54(b). *Cf. In re King Transit*, 738 F.2d 1065 (9th Cir.1984) (unique nature of bankruptcy proceedings did not warrant departure from requirements of Rule 54(b), applicable to adversary proceedings by virtue of Bankruptcy Rule 7054).

In *In re Morse Electric Co.*, the Seventh Circuit held that in an adversary bankruptcy proceeding in which the bankruptcy court had resolved one of several creditors' claims, the decision of the bankruptcy court was final and appealable, without Rule 54(b) certification, even though the order would ordinarily be considered a partial judgment within the meaning of Rule 54(b). 805 F.2d 262, 265 (7th Cir.1986). The court reasoned that because the word "final" as it is used in 28 U.S.C. § 158(d) has been interpreted more flexibly than the same language in 28 U.S.C. § 1291, an order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties in an adversary proceeding did not necessarily require Rule 54(b) certification to be deemed final and therefore appealable. *Id.* at 264. The Seventh Circuit departs from the plain language of Bankruptcy Rule 7054 which provides that Rule 54(b) should apply in adversary proceedings, and adopts instead a "sliding scale" approach: "[t]he more an adversary proceeding looks like an independent lawsuit, attached to a bankruptcy case, the more we will insist on the norms of finality under section 1291 and Rule 54(b)." *Id.* at 265.

By holding that Rule 54(b) certification is not necessary in *some* adversary proceedings where the order at issue, although a partial judgment within the meaning of Rule 54(b), would otherwise be considered final within the meaning of section 158(d), the Seventh Circuit approach defeats the purpose of Rule 7054 not only by rendering it irrelevant in some cases, but by introducing uncertainty as to when Rule 7054 will be applied at all. *See In re Berke*, 837 F.2d 293 (7th Cir.1988) (partial judgment of bankruptcy court in adversary proceeding *not* final without Rule 54(b) certification because disposition would not be appealable in a separate case outside of bankruptcy).

We agree with the Seventh Circuit that the more flexible principles of finality developed under section 158(d), rather than the notions of finality developed under section 1291, govern our appellate jurisdiction in bankruptcy cases. We cannot agree, however, that this fact requires a deviation from the plain language of Rule 7054 which provides that the appealability of partial judgments entered in an adversary proceeding is to be governed by Rule 54(b).

We think that the proper scope of Rule 7054 must be understood by drawing an analogy to the relationship in ordinary civil cases between Rule 54(b) and the notions of finality contained in section 1291.

The case law that has developed under Rule 54(b) reveals that finality occupies two roles with respect to appellate jurisdiction. While Rule 54(b) relaxes traditional

notions of finality in one respect, by allowing the district court to certify as final a judgment that disposes of less than all of the claims or the rights and liabilities of less than all of the parties in a larger case, Rule 54(b) "does not relax the finality required of each decision, as an individual claim, to render it appealable." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956). A trial court *"cannot,* in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291." *Id.* at 437, 76 S.Ct. at 900; *Ryan v. Occidental Petroleum,* 577 F.2d 298, 302 (5th Cir.1978). Contrary to the approach taken by the Seventh Circuit with respect to adversary proceedings, Rule 54(b) does not, in the ordinary civil context, become irrelevant when a judgment would otherwise be deemed final within the meaning of section 1291. Indeed, the very nature of Rule 54(b) is to allow a trial court to discriminate, for purposes of allowing an appeal, between orders which meet the requirements of finality under section 1291 except that they adjudicate only an individual claim. Properly understood then, Rule 54(b) is not a mere supplement to notions of finality such that certification is unnecessary where an order would otherwise meet the finality requirements of section 1291. Rather, Rule 54(b) operates *within* the constraints of finality as defined by section 1291, allowing appeals from *some* final orders where the trial court, within its discretion, determines that "there is no just reason for delay" and directs the entry of a final judgment.

Because our notions of finality in the bankruptcy context are, as the Seventh Circuit notes, determined by section 158(d) rather than section 1291, the scope of Rule 7054 must be determined by substituting section 158(d) for section 1291 in the analysis outlined above. That is, a partial judgment of the bankruptcy court in an adversary proceeding must be final within the meaning of section 158(d)—with respect to the *individual* claim at issue—in order to be eligible for certification under Rule 7054. The fact that an order is "otherwise" final under section 158(d) does not,

therefore, render Rule 7054 superfluous. Rather, it is a prerequisite for a determination by the bankruptcy court that there is no just cause for delaying the appeal.

This approach is more consistent with the aim of Rule 54(b)—and by extension, Rule 7054—to provide a bright-line rule for determining the appealability of orders by the trial court which adjudicate less than all of the claims or the rights and liabilities of less than all of the parties in a larger action. The certification process adopted in Rule 54(b) was intended to avoid in ordinary civil cases the uncertainty that previously characterized the appealability of partial judgments:

The obvious purpose of this section, as indicated by the notes of the advisory committee, is to reduce as far as possible the uncertainty and the hazard assumed by a litigant who either does or does not appeal from a judgment of the character we have here. It provides an opportunity for litigants to obtain from the District Court a clear statement of what that court is intending with reference to finality, and if such a direction is denied, the litigant can at least protect himself accordingly.

*Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 512, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950) (footnote omitted); 10 C. Wright, A. Miller & M.K. Kane, *Federal Practice & Procedure* § 2653, at 26 (1983 & Supp.1988).

In recognition of this fact, we have generally required that Rule 54(b) be strictly followed: If the trial court has not followed Rule 54(b) and expressly certified a partial judgment as final, the appeal will be dismissed. *Borne v. A & P Boat Rentals,* 755 F.2d 1131, 1133 (5th Cir.1985); *Matthews v. Ashland Chem. Inc.,* 703 F.2d 921 (5th Cir.1983); *Boudeloche v. Tnemec,* 693 F.2d 546, 547 (5th Cir.1982); *Cook v. Eizenman,* 312 F.2d 134, 137 (5th Cir.1963). *But see Mills v. Zapata Drilling Co.,* 722 F.2d 1170, 1173 (5th Cir.1983) (declining to require technical compliance with Rule 54(b) where purposes of rule already accomplished).

The same uncertainty that Rule 54(b) was designed to eliminate in the ordinary

civil context presently plagues the doctrine of appealability in contested matters in bankruptcy. Rule 7054 helps to reduce that uncertainty in adversary proceedings by providing a bright-line rule to determine the appealability of partial judgments. Although the issue of finality—as it applies to the *individual* claim at issue—will still arise when there is a dispute regarding the propriety of Rule 54(b) certification, *see, e.g., Ryan,* 577 F.2d at 302, Rule 7054 goes a long way toward simplifying the issue of appealability in adversary proceedings. We see no reason to abandon the clear benefits of the Rule.

### III.

We therefore hold that because the bankruptcy court's grant of summary judgment did not adjudicate all of the claims or the rights and liabilities of all of the parties in the adversary proceeding below, the parties' failure to obtain Rule 54(b) certification left the order interlocutory in nature. Thus, although the district court had jurisdiction to review the order under 28 U.S.C. § 158(a), we have no appellate jurisdiction under 28 U.S.C. § 158(d) to review the decision of the district court. Accordingly, the appeal is DISMISSED.