884 F.2d 879
 19 Bankr.Ct.Dec. 1504
 In the Matter of Russell B. WATSON, Jr., Debtor.
John J. OXLEY, Individually and for Dallas Fireplace
Distributors Corporation, and C. Thomas Wesner,
Jr., Appellants,
v.
Russell B. WATSON, Jr., First City National Bank of Tyler,
Henry M. Bell, Jr., Peter M. Boyd, and Glenn C.
Collins, Appellees.
 No. 89-2306
 Summary Calendar.
United States Court of Appeals,
Fifth Circuit.
 Oct. 5, 1989.
 
 C. Thomas Wesner, Jr., Wesner, Coke, Boyd & Clymer, Dallas, Tex., for appellants.
 Jerry Ed Bain, Bain, Files, Allen, Caldwell & Worthen, P.C., Tyler, Tex., for R. Watson,
 Judith Birk Baumgartner, Vinson & Elkins, Dallas, Tex., for First City Nat. Bank, Henry Bell and Peter Boyd.
 Appeal from the United States District Court for the Eastern District of Texas.
 Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges:
 JERRY E. SMITH, Circuit Judge:
 
 
 1
 In this adversary bankruptcy proceeding to determine dischargeability of a debt, the appellant, John Oxley, attempts to appeal from the district court's affirmance of the bankruptcy court's imposition of sanctions on Oxley. Concluding that we have no jurisdiction, we dismiss the appeal.
 
 
 2
 Although no party here questions our jurisdiction on appeal, it is well-established that jurisdiction cannot be conferred by agreement and that, where necessary, we must raise sua sponte the question of our own jurisdiction. Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir.1985). Under 28 U.S.C. Sec. 158(a), district courts have jurisdiction to hear appeals from final and interlocutory judgments and orders of the bankruptcy court. However, under 28 U.S.C. Sec. 158(d), the courts of appeals can review only appeals from final decisions, judgments, and orders of a bankruptcy court. See Foster Sec., Inc. v. Sandoz (In re Delta Servs. Indus.), 782 F.2d 1267, 1268 (5th Cir.1986); In re Jeannette Corp., 832 F.2d 43, 45 (3d Cir.1987). We must determine, therefore, whether the order here is to be deemed "final" for purposes of section 158(d).[1]
 
 
 3
 We recently observed that "the more flexible principles of finality developed under section 158(d), rather than the notions of finality developed under section 1291, govern our appellate jurisdiction in bankruptcy cases." Section 1120(a)(1) Committee of Unsecured Creditors v. InterFirst Bank Dallas, N.A. (In re Wood & Locker, Inc.), 868 F.2d 139, 144 (5th Cir.1989). Accord Calcasieu Marine Nat'l Bank v. Morrell (In re Morrell), 880 F.2d 855, 856, (5th Cir.1989). We also have noted, however, that "this liberality stems from practicality, and is limited by it in turn." Id. (citing Jeannette, 832 F.2d at 46, and Brown v. Pennsylvania State Employees Credit Union (In re Brown), 803 F.2d 120 (3d Cir.1986)).
 
 
 4
 In Jeannette, the Third Circuit reasoned that the more liberal view of finality under section 158(d) "does not apply in situations unrelated to the special needs of bankruptcy litigation." 832 F.2d at 45. In Delta Servs. Services, 782 F.2d at 1272, we applied the same test in dismissing, for want of jurisdiction, an order approving employment of counsel for the interim trustee: "We can discern no basis for granting greater appealability to orders denying motions to disqualify counsel in bankruptcy cases than to those in ordinary civil cases."
 
 
 5
 We look, then, to the treatment which this circuit has given to the immediate appealability of sanctions in ordinary civil cases. In Click v. Abilene Nat'l Bank, 822 F.2d 544 (5th Cir.1987), we held that an interlocutory order imposing sanctions against an attorney was not immediately appealable, as the sanctions "can be and routinely are appealed when merged in the ... final judgment."[2] Applying this holding to the bankruptcy case sub judice, we conclude that the order of sanctions here is not appealable.
 
 
 6
 An alternative test is discernable from our opinion in Delta Servs.: "[T]he courts of appeals have considered bankruptcy court orders that constitute only a preliminary step in some phase of the bankruptcy proceeding and that do not directly affect the disposition of the estate's assets interlocutory and not appealable." 782 F.2d at 1270-71. Accord Path-Science Labs., Inc. v. Greene County Hosp. (In re Greene County Hosp.), 835 F.2d 589, 595 (5th Cir.), cert. denied, --- U.S. ----, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988). "An interlocutory order or decree is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." 1 Collier on Bankruptcy p 3.03[b] at 3-181 (L. King 15th ed. 1989). As "each adversary proceeding or contested matter is a separate judicial unit for purposes of determining finality, orders entered during the course of that proceeding are interlocutory, as is the case in civil litigation held in the federal district court." Id. at 3-182 to 3-183. Under this standard, as well, the imposition of sanctions falls far short of an order that could be considered final and appealable.
 
 
 7
 We conclude, therefore, that the order here, imposing sanctions, is not a final, appealable order under section 158(d). As we are without jurisdiction, the appeal is DISMISSED.
 
 
 
 [1]
 We recently determined that except under limited circumstances not present here, the fact that a district court has rendered a decision on appeal from a bankruptcy court does not render an otherwise interlocutory bankruptcy order "final." See Promenade Nat'l Bank v. Phillips (In re Phillips ), 844 F.2d 230, 234 (5th Cir.1988)
 
 
 [2]
 In Markwell v. County of Bexar, 878 F.2d 899, 901 (5th Cir. 1989), we refined this rule somewhat, allowing an interlocutory appeal only by an attorney who had withdrawn from the case at the time of the appeal