In re SUNPACIFIC ENERGY MANAGE-MENT, INC., Sunrise Energy Marketing Co., Consolidated Fuel Corp., Sunrise Energy Co., Debtors.

SUNRISE ENERGY COMPANY and Sunpacific Energy Management, Inc., Plaintiffs,

v.

MAXUS GAS MARKETING, Defendant.

Bankruptcy Nos. 394–36780–SAF–11 to 394–36783–SAF–11. Adversary No. 396–3638.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

March 28, 1997.

Patrick L. Hughes, Verner, Liipfert, Bernhard & McPherson, Houston, TX, Craig Averch, Neligan & Averch, L.L.P., Dallas, TX, for Plaintiffs.

H. DeWayne Hale, Hale, Aston, Seckel & Tauberfeld, P.C., Dallas, TX, for Defendant.

### MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

William J. Mossay, the liquidating trustee for the estate of Sunrise Energy Company, seeks recovery of $178,999.17 from Maxus Gas Marketing Company pursuant to 11 U.S.C. §§ 547 and 550. Maxus moves for summary judgment dismissing Mossay's complaint. Mossay cross moves for a partial summary judgment of $109,776.17. The court conducted a hearing on the motions on December 20, 1996.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Celotex v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir.1988). On a summary judgment motion the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Anderson, 477 U.S. at 255, 106 S.Ct. at 2513–14. A factual dispute bars summary judgment only when the disputed fact is determinative under governing law. Anderson, 477 U.S. at 250, 106 S.Ct. at 2511.

The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. Celotex, 477 U.S. at 322, 106 S.Ct. at 2552. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial. Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The court applies the same standards to the cross motion for partial summary judgment.

Sunrise purchased natural gas from Maxus pursuant to purchase order contracts. In its bankruptcy schedules, Sunrise scheduled Maxus as a creditor, but did not designate Maxus' claim as contingent, disputed or unliquidated. Maxus filed its proof of claim on March 15, 1995. Mossay does not contest that claim.

Sunrise also disclosed in its statement of financial affairs filed December 13, 1994, that it transferred $178,999.20 to Maxus within 90 days of the filing of its bankruptcy petition. By order entered on May 15, 1995, the court approved Sunrise's first amended and restated disclosure statement. The statement, at pages 56–57, informed parties in interest that prosecution and settlement of potential

preferences "shall be the exclusive responsibility of the Sunrise Trustee." By order entered July 13, 1995, the court confirmed the Sunrise plan of reorganization. The plan provides for distributions to allowed unsecured claims. The plan transfers Chapter 5 causes of action under the Bankruptcy Code to the Sunrise Trustee.

Maxus contends that Mossay's complaint is barred by the doctrine of *res judicata*. Relying on *Eubanks v. F.D.I.C.*, 977 F.2d 166 (5th Cir.1992), and *Mickey's Enter., Inc. v. Saturday Sales, Inc.*, 165 B.R. 188 (Bankr. W.D.Tex.1994), Maxus argues that Mossay cannot assert a preferential transfer cause of action when the Maxus claim had been treated in the Sunrise plan and the Sunrise disclosure statement failed to specify that a preference action would be brought against Maxus. Mossay responds that Maxus has not established all the elements for the application of the doctrine of *res judicata*.

The doctrine of *res judicata* may be applied to an order confirming a plan of reorganization if the following four elements are met: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved. *Eubanks*, 977 F.2d at 169. The court applies a "transactional test" to determine the identity of claims, 977 F.2d at 171, but, even where there is an identity of claims, the doctrine of *res judicata* does not bar the second action unless the plaintiff could or should have brought its claim in the former proceeding. 977 F.2d at 173.

Under the confirmed plan, Mossay, as trustee, succeeds to the Sunrise position. Maxus has established that the parties are identical. The parties agree that this court is a court of competent jurisdiction to enter the confirmation order. The confirmation order constitutes a final order. Maxus contends that the confirmation order amounts to a final judgment on its claim. Mossay counters that the confirmation order does not address his preference claim. Maxus maintains that the preference claim and the proof of claim arise from the same transaction, the

purchase of natural gas pursuant to the purchase order contracts. Mossay argues that they constitute different transactions. Mossay further argues that Sunrise could not have and should not have brought the preference claim in the confirmation proceeding.

Mossay's preference claim and the Maxus proof of claim arise from the pre-bankruptcy petition purchase by Sunrise of natural gas from Maxus under their then existing and continuing business relationship. The transactional test for identity of claims has therefore been established. *See, Mickey's Enterprises*, 165 B.R. at 192. Nevertheless, if the *Mickey's Enterprises* decision holds that the preference claim could or should have been raised in the context of the confirmation proceeding, this court must respectfully disagree.

In *Mickey's Enterprises*, the court held that the debtor should have disclosed in its disclosure statement and prior to the confirmation hearing the likelihood the debtor would commence an avoidance action to recover a preference. 165 B.R. at 193. The creditor would have been in a position to act at the confirmation hearing "with all its rights intact." 165 B.R. at 193. Here, Sunrise disclosed in its statement of financial affairs the transfer to Maxus within 90 days of the filing of its bankruptcy petition. The disclosure statement informed parties in interest that the prosecution and settlement of preferences would be left to the trustee. Sunrise met the *Mickey's Enterprises'* court disclosure standard.

While the *Mickey's Enterprises'* court discussed disclosure of the claim, the doctrine of *res judicata* requires that the claim could have or should have been brought in the first proceeding. 977 F.2d at 173. The common law doctrine of *res judicata* should not be used to frustrate the scheme and coherency of the Bankruptcy Code. Rather, the court must apply the doctrine in the context of the "unique form of litigation" of bankruptcy proceedings. *D–1 Enterprises, Inc. v. Commercial State Bank*, 864 F.2d 36, 39 (5th Cir.1989). The Chapter 11 confirmation process does not contemplate or require that claims be finally allowed. Rather,

§§ 501 and 502 of the Code and Bankruptcy Rule 3001 provide that "a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor's assets." *In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir.1988). Absent an objection to the proof of claim by a party in interest, the claimant may participate in the confirmation process. Indeed, if the debtor in possession schedules the claim but does not identify the scheduled claim as contingent, unliquidated or disputed, the creditor need not file a proof of claim to participate in the confirmation process. Bankruptcy Rule 3003(b)(1). Confirmation of a plan of reorganization may occur before the running of the statute of limitations for filing an avoidance action. 11 U.S.C. § 546. The Code contemplates that the debtor in possession would pursue a plan before litigating avoidance actions. *Compare* 11 U.S.C. § 1121(a) and (b) with 11 U.S.C. § 546(a). *See, also,* 11 U.S.C. § 1126(b). The court may establish the time for filing objections to claims and may set the procedure for claims resolution. Courts often set the date to object to claims and establish the claims resolution process after confirmation, to prevent a delay in confirmation. Delaying the confirmation process to require claims or avoidance litigation resolution prior to confirmation would likely result in frustrating any ability of a debtor in possession to reorganize. A debtor's business needs in the marketplace will not wait for the litigation process.

Furthermore, the confirmation process constitutes a contested matter under the Bankruptcy Rules. The preference avoidance action must be commenced as an adversary proceeding. Bankruptcy Rule 7001. *Comm. of Unsecured Creditors v. Interfirst Bank (In re Wood)*, 868 F.2d 139, 142 (5th Cir.1989); *Brooks v. Andrew (In re Commercial Western Fin.)*, 761 F.2d 1329, 1336–37 (9th Cir.1985).

To hold that Sunrise could have or should have brought the avoidance action as part of the confirmation proceeding would result in a procedural quagmire. Sunrise could have objected to the Maxus claim on the grounds of the receipt of a preference. 11 U.S.C. § 502(d). Maxus would have thereby been precluded from casting a ballot regarding the Sunrise plan. 11 U.S.C. § 1126(a). But Maxus could have moved for a hearing to temporarily allow its claim prior to the confirmation hearing. Bankruptcy Rule 3018(a). The temporary allowance by definition would not have been a final adjudication on the merits of the preference claim or of the proof of claim. Sunrise listed 434 recipients of transfers made within 90 days of the filing of its bankruptcy petition, involving 949 separate payments. Under the Maxus logic, Sunrise would have had to object to all of them pre-confirmation, to preserve any preference claims, at least where the recipient asserted a claim against Sunrise. Rome would have surely burned while Nero fiddled. The opportunity to attempt to reorganize under Chapter 11 would collapse by the weight of the application of a common law doctrine.

Simply put, the preference claim, requiring an adversary proceeding, could not have been brought as part of the confirmation proceeding, a contested matter. The preference claim should not have been brought as part of the confirmation proceeding. This motion for summary judgment does not raise the issue of whether the preference claim should have been brought as part of a claims resolution proceeding. Sunrise did not commence a claim allowance proceeding prior to confirmation. Finally, the Bankruptcy Code fully protects Maxus in the event Mossay prevails. 11 U.S.C. § 502(h). A claim allowed pursuant to § 502(h) would be treated the same as Maxus' other claim in the confirmed plan.

*Eubanks* does not compel a different result. The plan in *Eubanks* gave the creditor an allowed claim. *Eubanks*, 977 F.2d at 174. The Sunrise plan does not give Maxus an allowed claim; it merely provides for the treatment of a class of claims, if allowed. In *Eubanks*, the debtor never disclosed its claim against the creditor. 977 F.2d at 174. Here, the transfer within 90 days of the bankruptcy petition had been scheduled. In *Eubanks*, as well as in *Sure–Snap Corp. v. State Street Bank*, 948 F.2d 869 (2d Cir.1991), discussed in *Eubanks*, the loan transaction was integral to the bankruptcy case. *Eubanks*, 977 F.2d

at 171–174. Here, the Maxus transaction was merely one of many natural gas transactions by Sunrise and its affiliate companies. The Maxus transaction could not be deemed or considered the most significant relationship in the bankruptcy case, as apparently had been the situation in *Eubanks* and in *Sure–Snap*. The Sunrise case centered on the sale of the Sunrise assets and substantial litigation with subsidiaries of The Williams Companies. Further, unlike *Howe v. Vaughan,* 913 F.2d 1138 (5th Cir.1990), this case does not involve a plan that included a settlement of a claim and adversary proceeding brought prior to confirmation.

Accordingly, the confirmed plan does not amount to a final judgment on the merits of the Maxus–Sunrise transaction. The preference claim could not have and should not have been brought as part of the confirmation proceeding. The Bankruptcy Code imposed no obligation on Sunrise to have commenced an adversary proceeding raising the preference claim or to have objected to the Maxus claim pursuant to § 502(d) prior to the commencement of the confirmation proceeding. Maxus has not established that the doctrine of *res judicata* applies. Maxus is not entitled to a summary judgment as a matter of law.

Maxus had also moved for summary judgment asserting that the preference claim should be barred by the doctrine of equitable estoppel. At the hearing on the motion for summary judgement, Maxus withdrew its motion on that issue.

■ Mossay cross moves for partial summary judgment concerning the transfer of $109,776.17, by check no. 20761, on September 29, 1994. In his motion, Mossay seeks to establish that he has standing to bring the preference claim, that the transfer constitutes a preference as a matter of law, and that the Maxus' affirmative defense of payment in the ordinary course of business should be dismissed. In its response to Mossay's motion, Maxus no longer contests Mossay's standing to bring the preference claim nor the elements of a preference under § 547(b). Instead, Maxus presented summary judgment evidence suggesting that the

payment had been made in the ordinary course of business.

■ Under § 547(c)(2), a trustee may not avoid a preferential transfer "(2) to the extent that such transfer was (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee; (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and (C) made according to ordinary business terms." 11 U.S.C. § 547(c)(2). The purpose of the ordinary business course defense is to "leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditors during the debtor's slide into bankruptcy." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 373 (1977), *cited in In re SPW Corp.,* 96 B.R. 683, 685 (Bankr.N.D.Tex. 1989). The court must determine, using an objective and a subjective standard, whether the transfer was made in the ordinary course. 96 B.R. at 687. This court must look to the parties' course of dealing and the industry's course of dealing.

Mossay presents summary judgement evidence that gas purchases by Sunrise from Maxus were secured by letters of credit. Mossay also presents evidence that Sunrise usually paid for the natural gas by wire transfer within an average of 31 days from invoice date. In contrast, the September 29, 1994, check paid for invoices that were 5 to 17 months old. The sales covered by those invoices had not been secured by letters of credit. Maxus presents summary judgment evidence that payments had been made by Sunrise for natural gas purchased from Maxus by both check and wire transfer. Maxus' summary judgment evidence also suggests that the parties' business relationship contemplated payments after a reconciliation process. Mossay moves the court to disregard the Maxus summary judgment evidence purporting to constitute an expert opinion on industry practices. But even if the court did exclude that portion of the summary judgment evidence, the record submitted on Mossay's cross motion establishes that there are

genuine issues of material fact requiring a trial of the § 547(c)(2) affirmative defense.

Accordingly, Mossay's cross motion establishing his standing to bring this preference claim and establishing the elements of a preference under § 547(b) for the $109,776.17 transfer will be granted but the part of the motion seeking a dismissal of the ordinary course of business defense of § 547(c)(2) will be denied.

Based on the foregoing,

**IT IS ORDERED** that the motion of Maxus Gas Marketing Company for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that the motion of William J. Mossay, as liquidating trustee of the estate of Sunrise Energy Company, is **GRANTED** in part and **DENIED** in part as follows: Mossay shall have a partial summary judgment establishing his standing to bring this cause of action and further establishing the elements of a preference under 11 U.S.C. § 547(b) for the transfer of $109,776.17 on September 29, 1994, but denying his motion for a summary judgment dismissing the defense under 11 U.S.C. § 547(c)(2).

These orders shall be included in the final judgment ultimately entered in this matter.