**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-20381
Summary Calendar

In The Matter of: MARK E. BURROUGHS,

Debtor,

THOMAS FREDERICK JONES, III; MARK E. BURROUGHS,

Appellants

VERSUS

ROLAND HURTER; MARY HURTER,

Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(H-99-CV-2278)

November 30, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellants Thomas Jones and Mark Burroughs appeal the Final

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Judgment of the district court affirming the bankruptcy judge's imposition of sanctions pursuant to Rule 9011 of the Federal Rules of Bankruptcy. Because the judgment of the district court and the order granting sanctions in the bankruptcy court are final orders, we assert jurisdiction over the matter and affirm the district court's judgment.

FACTS

On November 27, 1998, Burroughs filed an individual bankruptcy petition, signed by his attorney, Thomas Jones, under Chapter 13. The bankruptcy court extended the deadline for filing his schedules and Chapter 13 plan to December 29, 1998. Burroughs failed to meet the deadline, and the Chapter 13 Trustee moved to dismiss the case. Before the dismissal hearing, Burroughs filed his schedules and plan. In Schedule F, Burroughs listed his unsecured debt as $378,432, which exceeded the $269,250 Chapter 13 ceiling. 11 U.S.C. § 109(e). He also listed two final judgments against him worth over $600,000 as contingent unliquidated debt totaling one dollar each.

Roland and Mary Hurter, trustees of the secured debtor Hurter Revocable Trust, moved for sanctions under Rule 9011 of the Federal Rules of Bankruptcy for filing a petition under Chapter 13 in bad faith. The court conducted a hearing on April 26, 1999, which involved a motion to convert the case to Chapter 11 and the Motion for Sanctions. At the conclusion of the hearing, the court denied conversion of the case to Chapter 11 and awarded sanctions against

Jones and Burroughs.  The judge stated at the end of the hearing that the debtor's schedules were inaccurate and the debtor's testimony regarding the amount of his regular income was evasive and lacked credibility.  Tr. at 80-81.  The judge concluded that the debtor and his attorney filed the petition in bad faith and "for the improper purpose . . . [of] at least the hindrance and delay of creditors without any bona fide reorganization intent." Tr. at 81.  The court found Jones and Burroughs joint and severally liable for $11,211 of the Hurters' attorney's fees.

The bankruptcy court closed the adversary case on May 26, 1999 and the Chapter 13 case on August 31, 1999.  Jones and Burroughs appealed the award of sanctions to the district court.  The district judge entered its Final Judgment on March 23, 2000 affirming the bankruptcy judge's order imposing sanctions.

### JURISDICTION

Although both parties argue that this Court has jurisdiction over the district court's judgment, "it is well established that jurisdiction cannot be conferred by agreement . . .." *Oxley v. Watson (In re Watson)*, 884 F.2d 879, 879-80 (5th Cir. 1989).  28 U.S.C. § 158(d) grants the courts of appeals jurisdiction to review all final decisions, judgments, orders, and decrees of the district courts in bankruptcy proceedings.  This court can assert jurisdiction if both the district court's judgment and the bankruptcy court's order are final.  *See Foster Sec., Inc. v.*

3

*Sandoz (In re Delta Serv. Indus.)*, 782 F.2d 1267, 1268 (5th Cir. 1986).

The issue of "finality" is more flexible under section 158(d) than under section 1291, which applies to most proceedings other than bankruptcy. *See id*. at 880; *Louisiana World Exposition, Inc. v. Federal Ins. Co. (In re Louisiana World Exposition, Inc.)*, 832 F.2d 1391, 1396 (5th Cir. 1987). In *Oxley v. Watson*, this Court concluded that an order for sanctions in an adversary bankruptcy proceeding was not final, but rather an interlocutory order that did not decide the case on its merits. *See Oxley*, 884 F.2d at 880. The court observed that the flexible approach used to determine the finality of an order under section 158(d) stems from notions of practicality. *See id*. (citing *Section 1120(a)(1) Committee of Unsecured Creditors v. Inter-First Bank Dallas, N.A. (In re Woods & Locker, Inc.)*, 868 F.2d 139, 144 (5th Cir. 1989)). The court concluded that notions of practicality required the dismissal of the case for lack of jurisdiction because the bankruptcy court's interlocutory order was not a final adjudication of the merits in the adversary proceeding. *See id*.

Practicality mandates a different result in this case. The bankruptcy court closed the adversary proceeding on May 26, 1999 and closed the entire Chapter 13 case on August 31, 1999. By the time the district judge entered its Final Judgment on March 23, 2000, the bankruptcy court had fully disposed of the issues in Mr.

Burroughs' case.  Currently, the only remaining dispute between the parties involves the legitimacy of the order imposing sanctions. Because the Motion for Sanctions is not "part and parcel of a continuing litigation," both the district court's judgment and the bankruptcy court's order are final and subject to review by this Court.  *Quilling v. Funding Resource Group*, 227 F.3d 231,___ (5th Cir. 2000) (quoting *Sanders v. Monsanto Co.*, 574 F.2d 198, 199 (5th Cir. 1978)).

## DISCUSSION

We review the district court's order affirming the bankruptcy judge's imposition of sanctions for abuse of discretion. *Matter of Dragoo*, 186 F.3d 614, 616 (5th Cir. 1999).  Having reviewed the record, the applicable authority, and the arguments of counsel, we affirm essentially for the same reasons set forth by the district court in its thorough and well-reasoned opinion.  *Burroughs v. Hurter*, No. H-99-2278 (S.D. Tex. March 22, 2000).  All other issues raised by appellants for the first time on appeal are waived. *Matter of Johnson*, 724 F.2d 1138 (5th Cir. 1984).

AFFIRMED

5