# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60803
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 16, 2019

Lyle W. Cayce
Clerk

JAMES C. WALTERS, SR.,

     Plaintiff - Appellant

v.

COUNTRY CREDIT, L.L.C.,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-574

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

     James C. Walters, Sr. took out several loans from Country Credit between 2013 and 2016.  Finding himself unable to pay, he filed for Chapter 7 relief in the United States Bankruptcy Court for the Southern District of Mississippi.  In these proceedings, Walters filed an adversary complaint against Country Credit asserting four claims: (1) breach of contract; (2)

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60803

violation of the duty of good faith and fair dealing; (3) fraudulent misrepresentation; and (4) violation of the Truth in Lending Act's (TILA) disclosure requirements.   After the close of discovery, Walters moved for summary judgment on all claims.  Country Credit brought a cross-motion for summary judgment on the fraud and TILA claims but not on Walters's breach of contract and breach of the implied duty of good faith and fair dealing claims. The bankruptcy court recommended[1] granting Country Credit summary judgment on the fraud and TILA claims and denying all of Walters's summary judgment motions.  The bankruptcy court noted that it would schedule a status conference for the resolution of the remaining breach of contract and breach of the implied duty of good faith and fair dealing claims pending the district court's de novo review.

The district court affirmed the bankruptcy court's recommendation in its entirety, denying all of Walters's summary judgment motions and granting Country Credit's summary judgment motions on the fraud and TILA claims. Consequently, the bankruptcy court still had to resolve the remaining breach of contract and breach of the implied duty of good faith and fair dealing claims. Rather than adjudicating these claims in the bankruptcy court or seeking Rule 54(b) certification from the district court, less than two weeks after the district court's order, Walters filed a notice of appeal to this court.

Walters, asserting 28 U.S.C. § 1291 as the basis for jurisdiction, argues before this court that the district court erroneously granted Country Credit's summary judgment motions and denied his own summary judgment motions.

---

[1] The bankruptcy court found that it lacked jurisdiction to grant final relief here because Walters's claims against Country Credit in the adversary proceeding "are not created by virtue of Title 11" and are thus non-core.  Accordingly, the bankruptcy court submitted its proposed findings of fact and conclusions of law to the district court for consideration.  *See* 28 U.S.C. § 157(c)(1).

2

No. 18-60803

Country Credit responds to the merits of Walters's arguments, but also argues that this court lacks jurisdiction at this time because no final judgment has been entered in this case. Since we agree with Country Credit that we have no jurisdiction for the reasons set out below, we will not address the parties' merits arguments.

"Under 28 U.S.C. § 1291, we have jurisdiction only over 'final' decisions." *Cooper v. Brown*, 844 F.3d 517, 526 (5th Cir. 2016). In this case there is no final judgment over which we may assert jurisdiction. Walters's breach of contract and breach of the implied duty of good faith claims remain pending. Because all claims presented by Walters in this case have not been adjudicated, this appeal is interlocutory in nature. Consequently, we lack jurisdiction and the case is dismissed without prejudice. *See* 28 U.S.C. § 1291; Fed. R. Civ. P. 54(b); *see also Matter of Wood and Locker, Inc.*, 868 F.2d 139, 144 (5th Cir. 1989) (holding in the analogous 28 U.S.C. § 158(d) context that "no appeal may be taken from a bankruptcy court [partial summary judgment] order that adjudicates fewer than all of the claims . . . in an adversary proceeding absent Rule 54(b) certification").

APPEAL DISMISSED; CASE REMANDED.