# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60822
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 20, 2019

Lyle W. Cayce
Clerk

In the Matter of:  TROY LEE ROGERS

> Debtor

SOUTHERN FINANCE L.L.C., SUCCESSOR IN INTEREST TO PIKCO FINANCE, INCORPORATED,

> Appellee

v.

TROY LEE ROGERS,

> Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-213

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Southern Finance, L.L.C., one of Troy Lee Roger's creditors, filed an adversary proceeding against Rogers in his Chapter 13 bankruptcy case.  It

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60822

sought a determination that Rogers's debt to it was nondischargeable.  Rogers filed counterclaims for violation of the Truth in Lending Act and state law fraud, and the parties filed cross motions for summary judgment on Rogers's counterclaims.  Because the claims in the adversary proceeding were non-core and Southern Finance did not consent to the bankruptcy court entering a final order, the bankruptcy court issued proposed findings of fact and conclusions of law.  *See* 28 U.S.C. § 157(c)(1).  The district court adopted the bankruptcy court's findings and conclusions, denying Rogers's summary judgment motion and granting Southern Finance's.

Rogers appeals the district court's order, asserting 28 U.S.C. § 1291 as the basis for our jurisdiction.  Southern Finance argues that we lack jurisdiction because its claim in the adversary proceeding is pending.  We agree.  Because the district court's order disposes only of Rogers's counterclaims and Southern Finance's claims are still live in the bankruptcy court, the district court's order is not a final decision.  *See Walters v. Country Credit, L.L.C.*, No. 18-60803, 2019 WL 2158833, at *1 (5th Cir. May 16, 2019) (per curiam) (unpublished) (dismissing appellant-debtor's appeal of district court's summary judgment order because two of his four claims remained pending in bankruptcy court); *see also In re Wood & Locker, Inc.*, 868 F.2d 139, 144 (5th Cir. 1998) (holding that we lack jurisdiction over appeals from a bankruptcy court order when the order "adjudicates fewer than all the claims . . . in an adversary proceeding"); FED. R. CIV. P. 54(b).  We have jurisdiction only over final decisions.  28 U.S.C. § 1291.  Thus, we DISMISS Rogers's appeal and REMAND.