# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-60046
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2025

Lyle W. Cayce
Clerk

IN THE MATTER OF ABBY G. ROBINSON AND RICKY E. ROBINSON,

*Debtors*,

ABBY G. ROBINSON; RICKY E. ROBINSON,

*Appellants*,

*versus*

BRIDGEWATER OWNERS ASSOCIATION, INCORPORATED,

*Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CV-456

———————————————————————

Before DAVIS, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60046

In 2018, Creditor-Appellee Bridgewater Owners Association, Inc. won a state-court judgment against Debtor-Appellants Abby and Ricky Robinson. The judgment included an attorney's-fee award, later set at $206,761.18. After resisting the judgment for two years, the Robinsons sought Chapter 7 bankruptcy protection. In response, Bridgewater commenced an adversary proceeding to declare its fee award a non-dischargeable debt.[1] It sought the same relief as to another $181,961.34, representing fees it incurred trying to enforce the state-court judgment.

In July 2023, the bankruptcy court granted Bridgewater summary judgment and excepted the state-court fee award from discharge. The Robinsons turned to the district court for guidance on how to appeal that decision, then lodged this appeal without awaiting court input. While their appeal was pending, the bankruptcy judge stayed the adversary proceeding. That notation prompted the district court to remand for the bankruptcy court to clarify whether the summary judgment was an appealable final decision or a non-appealable interlocutory ruling.

On remand, the bankruptcy court concluded the summary judgment was interlocutory because Bridgewater's $181,961.34 claim remained before it. With this report of nonfinality, the district court concluded it lacked appellate jurisdiction and dismissed the Robinsons' appeal without prejudice. The Robinsons now appeal that dismissal to this court. Bridgewater responds that both rulings exceed our jurisdiction. Bridgewater is correct.

---

[1] *See* 11 U.S.C. § 523(a)(6) (rendering nondischargeable debts "for willful and malicious injury by the debtor to another entity or to the property of another entity").

2

No. 25-60046

In bankruptcy cases, courts of appeals review only "final decisions, judgments, orders, and decrees entered" by the district court.[2] A district court's appellate jurisdiction is broader: In addition to final decisions entered by the bankruptcy court, a district court may review interlocutory orders, too, so long as the district court grants the aggrieved party leave to appeal.[3] Still, this court may not review a district-court ruling on an interlocutory order unless the district-court ruling somehow "'cures' the nonfinality of the bankruptcy court order."[4]

Both rulings here—the bankruptcy court's partial summary judgment and the district court's dismissal of the Robinsons' appeal without prejudice—are nonfinal, interlocutory rulings beyond our subject-matter jurisdiction.[5] The bankruptcy court's summary judgment is nonfinal because it did not dispose of all the claims in the adversary proceeding and because the bankruptcy court did not certify it as final under Rule 54(b).[6] The district court's dismissal of the Robinsons' appeal without prejudice is not final,

---

[2] 28 U.S.C. § 158(d)(1). As relevant here, a "final" decision is one that either disposes of all the claims presented in an adversary proceeding or bears a civil Rule 54(b) certification by the bankruptcy court. *See Section 1120(A)(1) Comm. of Unsecured Creditors v. Interfirst Bank–Dall., N.A.* (*In re Wood & Locker, Inc.*), 868 F.2d 139, 144 (5th Cir. 1989); FED. R. CIV. P. 54(b); *see also* FED. R. BANKR. P. 7054(a) ("Fed. R. Civ. P. 54(a)–(c) applies in an adversary proceeding.").

[3] 28 U.S.C. § 158(a)(3) (establishing jurisdiction in district courts over appeals from interlocutory orders "with leave of the court"); *Smith v. Revie* (*In re Moody*), 817 F.2d 365, 366 (5th Cir. 1987).

[4] *In re Wood & Locker*, 868 F.2d at 142 & n.10; *see also Path–Sci. Labs., Inc. v. Greene Cnty. Hosp.* (*In re Greene Cnty. Hosp.*), 835 F.2d 589, 591 (5th Cir. 1988). There is another pathway to appeal to this court, but that procedure isn't at issue here. *See* 28 U.S.C. § 158(d)(2).

[5] *In re Wood & Locker*, 868 F.2d at 146.

[6] *Supra* note 2.

either;[7] nor did it "cure" the nonfinality of the bankruptcy court's partial summary judgment. Neither confers jurisdiction upon this court. Accordingly, the Robinsons' appeal is DISMISSED without prejudice and the matter REMANDED to the bankruptcy court. As this is the second time the Robinsons have improvidently appealed a nonfinal decision, we direct their attention to the district court's January 22, 2025 order and the rules it references, all of which should be reviewed and understood before noticing any further appeal in this adversary proceeding.

---

[7] *See In re Moody*, 817 F.2d at 366 ("[I]f the bankruptcy court order was indeed interlocutory, the district court's denial of leave to appeal would also be interlocutory and hence unappealable as well.").